HART v. HART.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

ACTION AGAINST DECEDENT'S ESTATE—COSTS—WAIVER.

Under Code Civ. Proc. § 1822, conferring on the surrogate's court jurisdiction to hear a rejected claim against a decedent's estate, provided the respective parties have filed with the surrogate a written consent that he may determine the claim on the settlement of the accounts of the executor or administrator; and section 1836, allowing plaintiff costs when the defendant does not file such consent "at least 10 days before the expiration of the 6 months from the rejection" of the claim,—plaintiff waives the right to costs by commencing the action less than 5 months and 20 days after such rejection.

Appeal from special term, Oneida county.

Action by Mary E. Hart against William D. Hart, administrator of James M. Hart, deceased. From an order awarding costs and disbursements of the action to plaintiff, and directing that the same be paid from the funds of decedent's estate in the hands of defendant, defendant appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

W. M. Rogers, for appellant.
Merrick Stowell, for respondent.

ADAMS, J. There is little or no dispute about the facts of this case. The defendant, as administrator of the estate of James M. Hart, deceased, published the usual notice for claims. Thereafter, and in due course of time, the plaintiff presented her claim, which was rejected by the administrator, who, at the same time, offered to refer. This offer was accepted by the plaintiff, and some correspondence followed with reference to the selection of a referee, but none was agreed upon, and upon the 24th day of November, 1897, this action was commenced.

Section 1822 of the Code of Civil Procedure confers upon the surrogate's court jurisdiction to hear a rejected claim, provided the "respective parties" have filed with the surrogate a written consent that he may determine the claim upon the judicial settlement of the accounts of the executor or administrator; and by section 1836 costs are allowed to the plaintiff whenever the defendant does not file such consent "at least 10 days before the expiration of the 6 months from the rejection" of the claim. Thus it will be seen that the obvious design of this statute is to give the executor or administrator 5 months and 20 days in which to file his consent, and, in case of his failure so to do, to allow the claimant 10 days in which to commence his action prior to the expiration of the short statute of limitations, with an absolute right to costs in the event of a recovery. The plaintiff's claim was rejected on the 14th day of June, 1897, and consequently the defendant had until December 4th following in which to file the consent required by section 1822 of the Code of Civil Procedure; but it seems that she elected to bring her

action 10 days prior to that time. The referee before whom the case was tried certifies that the plaintiff's demand was not unreasonably resisted, as he was undoubtedly warranted in doing, inasmuch as the recovery was less than one-quarter the amount demanded; and consequently the only question with which we are concerned is whether, under the circumstances of the case, the omission of the defendant to file the consent contemplated by section 1822 entitles the plaintiff to the costs of the action.

Had the plaintiff deferred commencing her action 10 days longer than she did, and had the defendant omitted in the meantime to file such consent, there would, of course, be no question as to the plaintiff's legal right to costs in this case; but we think that the legislature, when it provided that such consent should be filed at any time after the rejection of the claim, and within 10 days of the expiration of the 6 months from such rejection, clearly intended that a claimant might avail himself of the remaining 10 days in which to bring his action, and thus place himself in a position to recover costs, and at the same time protect himself against the short statute of limitations. If our construction of the statute is correct, then it would seem to follow that the commencement of an action at any time within the 5 months and 20 days after the rejection of a claim should be regarded as a waiver on the part of a plaintiff of his right to costs, in the event of a successful termination of his action. The obvious reason for requiring an executor or administrator to consent that a disputed claim may be heard by the surrogate upon the judicial settlement of his accounts is to save the claimant the trouble and expense of an action. But if, without waiting until the expiration of the prescribed time to file such consent, the claimant brings his action, his doing so is equivalent to a waiver of the statutory requirement; for, after the commencement of an action, the filing of the consent specified in section 1822 would be a useless formality, and this is something which the law does not require. Stokes v. Mackay, 147 N. Y. 223, 41 N. E. 496; Shaw v. Insurance Co., 69 N. Y. 286. Many cases might be cited where such an election has been treated as a waiver; a familiar one being that of omitting to file proofs of loss within the time prescribed by the condition of a policy of insurance, in cases where the insurance company, before the expiration of the prescribed time, had denied its liability, and declared its intention not to pay the loss. Under these circumstances, it has been frequently held that the insured was absolved from the necessity of filing his proofs before the bringing of his action. Brink v. Insurance Co., 80 N. Y. 108; Lang v. Fire Co., 12 App. Div. 39, 42 N. Y. Supp. 539; Flaherty v. Insurance Co., 20 App. Div. 275, 46 N. Y. Supp. 934. It is true that in the cases cited by way of illustration the waiver was of a contractual requirement only; but a party may waive a statutory, or even a constitutional, provision designed for his benefit, as well as one which grows out of a contract, and, having once waived it, he is estopped from thereafter claiming the benefit. In re Cooper, 93 N. Y. 507; In re New York, L. & W. R. Co., 98 N. Y. 447–453. For the reasons above stated, we think that the plaintiff is not entitled

to recover the costs of this action, and consequently that the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.