### BALLANTYNE v. STEENWERTH.

(Supreme Court, Appellate Division, Second Department. January 30, 1903.)

1. EXECUTORS—FULL STATUTORY COSTS—LIABILITY—REVIEW.

An order awarding full statutory costs against a defendant executor, pursuant to Code Civ. Proc. § 1836, on the ground that the claim was unreasonably resisted or neglected, could not be disturbed on appeal, where the motion therefor was based not alone on the affidavit of plain-tiff's attorney, but on all the proceedings in the action, which were not before the reviewing court.

Appeal from special term, Kings county.

Action by Amelia B. Ballantyne against John H. Steenwerth, as executor of Phillip Steichelmann, deceased. From an order granting full statutory costs and disbursements to plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Fred L. Gross, for appellant.
Metcalf B. Hatch, for respondent.

WILLARD BARTLETT, J. The county court has awarded to the plaintiff full costs against the defendant executor under section

1836 of the Code of Civil Procedure. The order cannot be sustained, on the ground that defendant did not seasonably file the consent provided for in section 1822 and in the section cited, because the suit was begun only eight days after the claim was rejected by the executor, whereas the executor has five months and twenty days after the rejection to file the necessary consent. Hart v. Hart, 45 App. Div. 280, 61 N. Y. Supp. 131. It would seem, therefore, that the order must have been based upon the alternative proposition that the payment of the claim was unreasonably resisted or neglected, and we cannot say that the learned county judge erred in so holding. The motion was based not alone upon an affidavit of the plaintiff's attorney, but upon all the proceedings in the action. These proceedings are not before us, but were presumably in the mind of the learned trial judge at the time he entertained and decided the motion. The circumstances of the trial may well have shown that the suit was unreasonably defended, and, as we cannot indulge in any presumption to the contrary, the order should be affirmed. All concur.