(41 Misc. Rep. 504.)

### HOLCOMBE v. NETTLETON.

(Supreme Court, Special Term, Essex County. October, 1903.)

1. EXECUTOR—ALLOWANCE OF CLAIMS—COSTS.

An executor cannot be said to have unreasonably resisted a claim, so as to render him liable for costs, where on trial the claim is reduced 40 per cent.

2. SAME.

In an action against a decedent's estate on a claim, where there is no proof that defendant failed to file the consent for reference as required by Code Civ. Proc. § 1836, until after six months from the rejection of a claim, nor that any action was commenced within the ten days before the expiration of such time as prescribed in such section, plaintiff is not entitled to costs.

Action by Mahlon B. Holcombe against Charles F. Nettleton, executor of Charles F. Tabor, deceased. Motion by plaintiff for certificate and order awarding costs. Denied.

Adelbert W. Boynton, for the motion.
Hewitt & La Duke, opposed.

SPENCER, J. Costs in this action are claimed by the plaintiff on the ground that his claim against the estate of Charles F. Tabor, deceased, was unreasonably resisted or neglected by the defendant, as executor, and that the defendant refused to refer the claim to a referee for determination. The claim, duly verified, was presented to the executor in February, 1902, and rejected March 26, 1902. Considerable negotiations ensued between the respective attorneys in regard to the selection of a referee, but, failing to agree, this action was commenced to enforce payment. Since the amendment to section 1836 of the Code of Civil Procedure (Laws 1897, p. 605, c. 469), a refusal to refer does not subject an executor to costs, either personally or as against the estate which he represents. I do not think this claim can be said to have been unreasonably resisted. It was presented for the sum of $5,040. Upon the trial the jury awarded plaintiff the sum of $3,000. In the presence of such a reduction, it cannot be said that the defendant was not justified in resisting. The plaintiff, in his complaint, alleges that the defendant refused to stipulate that said claim might be determined by the surrogate upon the final accounting of the defendant. No mention of this ground is contained in the notice of motion, but I think the notice is broad enough to include it. I have, however, searched the moving papers with some diligence, and fail to find any proof in support thereof. There is no proof that the defendant did not file the consent referred to in section 1836, Code Civ. Proc., and no proof that the action was commenced within the 10 days therein prescribed. In case the action was commenced before the expiration of the 5 months and 20 days after rejection, the plaintiff must be regarded as waiving his right to costs. Hoye v. Flynn, 30 Misc. Rep. 636, 64 N. Y. Supp. 252; Hart v. Hart, 45 App. Div. 280, 61 N. Y. Supp. 131. The motion is therefore denied as to

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 1955.

both of the grounds specifically mentioned in the notice of motion, the court not passing upon any ground not specifically mentioned therein.

Motion denied, with costs.