BREAUX, C. J.
As a reason why defendant, who is inspector of police of the city of New Orleans, directed to have plaintiff’s picture taken, and a copy placed in the rogues’ gallery, and others sent to other galleries in other states, he (defendant) avers that plaintiff had been accused of having received stolen property, knowing it to have been stolen, 12 different times, as he (inspector of police) had found upon investigation; and furthermore, that an information was filed against plaintiff which has never been tried; that when plaintiff was arrested under the charge which resulted in the information filed against him, he denied hav *705 ing the goods; that they were subsequently found in his store.
Plaintiff states in his pleadings that he has kept a pawn shop in the city of New Orleans these 11 years past, and that he has always conducted himself properly since his residence in the city of New Orleans, which dates back to the time he opened a pawnbroker’s business in this city.
He alleged that after his picture had been taken he was arrested for having received stolen goods. He was tried and discharged.
It remains that the plaintiff does not appear before us as one who has been convict-' ed of crime. None the less, his conduct has certainly given ground to a number of complaints. If there is any good cause for these complaints, the alleged guilty man should be tried. After his conviction, it will be time to determine whether or not' his picture should be taken and placed in the rogues’ gallery; not before, in this particular case, for while from all appearances plaintiff must have engaged in a pretty active business in his line, the proper place to inquire into the violations of the criminal law in connection with that business is before a tribunal having jurisdiction in the premises. Before that is done, his picture should not be taken.
It is true that the respondent is authorized by law to take such measures as are needful to prevent crimes, to detect and arrest offenders, and to protect the right Of persons and property.* Act No. 32, p. 43, of 1904. None the less, the statute does not invest him kwith the right in limine to resort, as relates to picture taking, to the extreme measures adopted in the present case on the evidence offered and admitted.
The necessity for taking the picture is not apparent, there being no evidence of any conviction of plaintiff either in the courts of this state or of any other state. Nor is there evidence before us that it is important for his identification that his picture be taken.
The taking of pictures, as proposed, and placing them in the rogues’ gallery before conviction, may prove useful in some cases, but it may lead to abuses and injustice in others.
We have found no precedent directly pertinent to the issues here, and we do not think that one should be laid down in this case to authorize recourse to the Bertillion system.
There are eases remotely analogous to the case pending before us.
In one of the cases the complainant, a pretty girl, took out an injunction to prevent a business firm from making use of her picture in advertising merchandise for sale in its stores and other public places. Sensitive, proud of her beauty, she did not, it seems, fancy the use made of the pictures. The court, although considering it in the nature of privacy or a private or personal right, the asserted violation of which was hardly as disagreeable as the complainer alleged, refused to make the injunction perpetual; it said that to grant the injunction would open a vast field of litigation. Roberson v. Rochester Folding Box Co. (N. Y.) 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828.
It is a matter of public history, known to every one, that the cartoonists apply their energy and exhaust their ingenuity in representing, with ridiculous exaggerations, the peculiarities of persons in journals and magazines. The photographer and the snap shot amateurs take the pictures of the willing and the unwilling. Generally, this is taken with as much good nature as the person caricatured can possibly command. We do not know that it has afforded any ground for litigation, when not exaggerated to the point of impeaching character. Here the purpose goes much further. The picture is to remain as evidence of a damning nature.
Whilst expressing the foregoing views, we desire to have it well understood that we are decidedly of opinion that eases may arise *707 justifying the officer in charge of the police department in ordering a picture to be taken; but the necessity must be evident.
Convicts and hardened criminals may forfeit all rights to consideration, to such an extent, at any rate, that their pictures may be taken if necessary to their identification, and that without much delay.
The gallery in question should not be broken up; the collection in other cases should remain as it is, although there is no special statute on the subject.
Law and right have the authority to protect themselves. .
But there is no necessity of going any further than actually necessary in that direction, save to say that the picture of the hardened criminal, when he is detected in the commission of a crime, can be taken; the picture of fugitives from justice and others when necessary to their identification.
We go no further than to decide that there was no necessity to take the picture for identification, nor to guard against the escape of the plaintiff.
The following are our principal reasons: Plaintiff pays a high license. This is not a defense, and would not be so considered in any court of criminal jurisdiction. It might, however, be considered in the matter of identification or of escape. Again, plaintiff is compelled to report the character of his business each Monday morning to the inspector of police, in accordance with section 6651, council series, relating to pawn shops. This also is not a defense, but it is a very considerable check on wrongdoing and irregularity of the business.
Defendant’s place of business seems to be well known; it is not charged that he has ever sought to conceal himself. There is evidently no hesitation felt in making affidavits against him. He has never sought, as far as we know, to evade meeting these affidavits.
He is within the jurisdiction and under the authority of the district court.
It does not sufficiently appear that his picture is necessary to prove his guilt or for the identification of his person. Eor these reasons, the prosecutions before the court having jurisdiction in matter of crime and offenses will have to be exhausted in at least one case to justify in this case ordering the plaintiff’s picture to be placed in the rogues’ gallery.
The foregoing applies equally to the Itzkovitch Case, handed down this day.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.