BREAUX, C. J.
The injunction was to restrain the defendant from having the photograph of plaintiff taken, and from placing a copy of it in the rogues’ gallery, and from sending copies to various cities throughout *709 the United States where there are rogues’ galleries.
The petition for the injunction sets forth plaintiff’s asserted grievance at some length, and avers that he is a citizen of the state, is a property owner, pays his taxes, and has always conducted himself in a proper and becoming manner.
Going into particulars, he specially avers, in substance, that on a day stated the police officers took him into their custody, and'' brought him to the office of the defendant, , who was the inspector of police of the city./ That he was not informed of the cause of his arrest. His picture was taken, after his clothing had been partly taken off. He was measured according to the Bertillon system-, adopted for the identification of persons.
Petitioner sets up the hardship he met with, and loudly complains of the treatment to which he was subjected.
The defendant, in his justification, urges that his duty is to prevent crime, detect and •arrest offenders, protect the rights of persons and property; that he cannot be lawfully controlled by an injunction from the civil district court; that the judge of the civil district court has no jurisdiction to issue such an injunction, or control him (the inspector) in any manner in the exercise of his lawful functions.
The inspector also sets forth in, his answer that the plaintiff has for several years kept a secondhand store, where secondhand goods are bought and sold; that this pawnshop is kept by him at 403 South Rampart street; “that it is only a fence or place where thieves resort, and find ready sale for stolen property.”
The plaintiff is 33 years of age. He has been arrested a number of times, and, if the number of charges is a criterion of his activity, he certainly is a very active man.
The judge of the district court perpetuated his injunction, ordered the negative of the photographs to be returned, and ordered respondent to erase and cancel all record entries of the photographs and of the measurement made of the plaintiff.
Want of -jurisdiction to entertain and decide the questions involved is again pressed upon this court’s attention by the defendant.
There is no question but that the civil district court had no authority to interfere with police officers whilst in the proper discharge of their functions in criminal matters.
The civil district court is without authority to examine into and interpret a criminal statute. Lecourt v. Gaster, 49 La. Ann. 487, 21 South. 646.
The position taken in the first suit by plaintiff was that the action was civil in character, for the protection of personal rights, which did not fall within the terms of the criminal statute.
We sustained that view, and remanded the case.
Here, having taken jurisdiction in the trial of the exception, it attaches until the final determination of the case, unless it becomes manifest that the court had no jurisdiction because of the issues which had arisen since the exception was decided.
We have found no good grounds to hold that the court was devested of jurisdiction. We are sustained in the view that this court has jurisdiction by precedents.
Injunction may be granted if personal rights are violated. Eng. & Am. Ency. of Law, p. 63 (2d Ed.) vol. 16.
There are cases in their nature criminal which give rise to rights exclusively personal, which may be protected by injunction. Id.
The authority of the civil courts is. clearly considered in Re Debs, 158 U. S. 599, 15 Sup. Ct 900, 39 L. Ed. 1092. The court maintained its jurisdiction in a ease not as favorable to jurisdiction as the case now before us.
*711 We quote from the syllabus in Ryan v. Brown, 18 Mich. 196, 100 Am. Dec. 154:
“A personal grievance constitutes a ground for an interference of equity. Individual rights may be protected in a court of equity, and officers restrained bv an injunction.” People v. Board, 55 N. T. 390.
“Every person who may be subjected to the deprivation of any rights, privileges, or immunities, secured by the constitutional laws, may find protection by injunction.” Tuchman v. Welch (O. O.) 42 Fed. 556.
The testimony admitted in evidence has mot impressed us very favorably regarding the business conducted by plaintiff. The complaints against him have been frequent; none the less, it does not appear that he has ever been convicted, and before conviction his picture should not be posted, for then it would he a permanent proof of dishonesty.
There may be cases requiring the exercise' of the photographer’s art for the purpose of identification of a hardened criminal. In the present instance, the ease has not developed itself to that point.
The necessity of the picture for identification is not sufficiently shown to justify us in setting aside the judgment.
For reasons assigned, the judgment appealed from is affirmed.