## MARTIN v F I Y THEATRE CO

Ohio Common Pleas, Cuyahoga Co

Decided Jan 27, 1938

Sidney N. Weitz, Cleveland, for plaintiff.
Ulmer, Berne & Gordon, Cleveland, for defendant.

### OPINION

By MERRICK, J.

Plaintiff brings her action against defendant by pleading two causes of action. The second cause of action is one for libel. The first cause of action is based on what has been frequently termed "violation or breach of the right of privacy." To such first cause of action, as pleaded, defendant has filed its demurrer contending that such first cause of action does not state facts which constitute a cause of action. The cause is before this court for consideration of such demurrer. The discussion which follows is directed to a consideration of the first cause of action.

In her amended petition, plaintiff says she is an actress of high reputation for training and talent and that her services are in demand in the theatrical business. She further pleads that she has acquired for herself a reputation for integrity of character, morals, ability and talent in her profession and that large sums of money have been spent in publicizing her as a legitimate actress of first rank and that she has a sole and exclusive private right to her photograph and likeness.

Plaintiff complains that defendant company operates a theatre, referred to as the Roxy Theatre, in the city of Cleveland, and complains that such theatre is dedicated to the conducting of what plaintiff titles "burlesque shows." Plaintiff further complains that the reputation of burlesque shows in her profession and in the public mind is of low order and type; that such shows have a rating for lewdness and vulgarity and the performers therein are in a classification of disrepute.

Plaintiff contends that, without her permission or consent, defendant exhibited an enlarged photograph of plaintiff on such Roxy Theatre building and exhibited such photograph to public gaze for many months in a setting located amongst and between other pictures of nude and lewd pictures of burlesque actresses, thereby intending to, and actually creating a public impression that this plaintiff was a performer in defendant's burlesque theatre in particular and in the burlesque theatrical business generally.

As indicated heretofore plaintiff contends that her right of personal privacy has been breached and asks damages therefor.

The demurrer squarely raises this question: Can an action be maintained in Ohio for a violation of the right of privacy? This court has made an exhaustive search and cannot find a reported Ohio case in point. Counsel for the parties hereto have indicated a like experience in attempting to find some Ohio case authorities.

Occasional law school reviews, essays and treatises have discussed all and various phases of this question and have come to a variety of conclusions. In some courts of other states various holdings have inti-

mated a recognition of and sustaining of the right but a majority of these co-mingle this right with the right to redress for libel or slander. In plaintiff's first cause of action we have no such intermixture of rights or remedies. The plaintiff in the case at bar has separately sued for the breach of the right of privacy and for libel.

A fair statement should follow that the courts are not in exact harmony on this question. The greater number have refused to recognize interference with one's privacy as an injury in the legal sense for the reason that the law has not provided for a right to possess or maintain without disturbance and particular condition of feeling. and that to enforce such a right would violently upset settled principles by which the public has long been guided. This discussion, of course, turns on the complainant's right to recover a money judgment in a law action. The best authorities are in accord, that if the act complained of is without justification, and for selfish gain and purposes, and of such a character as is reasonably calculated to wound the feelings. preventive relief in equity should follow. In some jurisdictions relief is granted only where some property right has been invaded or some pecuniary loss suffered. These courts adopt the theory that the right of privacy is a property right. **32 Ohio Jur. page 198.**

If there be a right of privacy it must be summed up simply as the right to be let alone and to be permitted to live free from any and all publicity unwarranted by the conduct or station in life of the complainant. It is also the right to live, free from the incidental publication of one's picture. The law on this question is one of modern jurisprudence. Blackstone, Kent and other great commentators of other generations and centuries never referred to or discussed such a right. The right as such was first referred to in the closing years of the last century. The earlier cases on the subject in courts of last resort appeared about forty years ago. In the period which has elapsed since, there are very few reported cases on the question. The trend of authority seems to be against a recognition of the right. 21 R.C.L. page 1196.

In most of the reported cases, courts have inclined toward a view contrary to the recognition of this as a legal remedy and have held that an interference with one's privacy is not an actionable injury in any legal sense. The law refuses to provide a remedy for sentimental disturb-

ances and is not concerned merely with injured feelings not connected with any abuse or interference with the possession or enjoyment of property. Roberson v Rochester, 171 N. Y. 538, 64 NE 442.

Some person must have photographed the plaintiff and reproduced her likeness and. following the language of her petition, the defendant secured and enlarged a copy and hung it on the front of its building in association with what plaintiff calls "lewd" and "nude" pictures. In some cases where recovery has been allowed for improper use of one's photograph so as to breach the right of privacy courts have held that where a person employed to make a photograph makes additional copies for exhibition or distribution among others than his patron, he must respond in damages on the theory of the breach of the contract between the parties and not for breach of any privacy right.

Since the decision in the case of Roberson v Rochester, supra, the legislature of the state of New York has by enactment forbidden the unauthorized use of the name or picture of any living person for the purpose of advertising or trade.

A clear discussion of the right of privacy may be found in the opinion of Marks, J., in the case of Melvin v Reid. 297 Pacific 91. This is a California case and on page 92 of that reporter may be found a long line of cases cited from courts which have discussed this question. In summing up the case, the opinion of the court uses the following language:

"As we have observed, the other causes of action of the complaint are based upon a supposed property right in her name and in the incidents of her life. We have found no authorities sustaining such a property right in the story of one's life. Appellant's cause of action must rest on tort and tort alone. The general demurrer was properly sustained to the second, third and fourth causes of action.

Another aspect of this case seems to be worthy of consideration in examining into plaintiff's complaint of a breach of her right to privacy. She contends that she is an actress of experience and ability and that there have been expended large sums of money to publicize her as an actress of first rank. Can a person in such business who pleads that she has publicized herself base an action for damages on the publication of her own posed picture singularly on a basis that her right of privacy was breached?

Let us not confuse her right to bring an

action for libel, which she has incorporated in her second cause of action. Setting up her complaint of an injury to her feelings and reputation merely because some person who made her picture permitted it to get out of the maker's hands and become part of an advertising display of alleged doubtful character seems to this court to be without ample legal foundation. She might have an action for breach of contract against the original photographer. She might have an action for libel if any damages can be proven.

The question still remains: Can this actress recover damages for her injured feelings for the posing of her photograph in alleged undignified company?

Persons who expose themselves to public view for hire cannot expect to have the same privacy as the meek, plodding stay-at-home citizen. The glamour, genuine or artificial, of that business removes the participants therein from the realm of the average citizen. Actresses and actors seek publicity and often adopt various and sundry ways of securing such notoriety as will attract attention to them. They cannot expect to lead quiet secluded lives. They will be criticized justly or otherwise, for their performances. This court is of the opinion that any person following the theatrical business for a life's work has no such right of privacy as plaintiff attempts to assert in her complaint. Her embarkation on this vocation in life has estopped her from a right to be heard to complain that her personal right of privacy has been invaded.

An actress of the accomplishments and reputation claimed for this plaintiff is no longer a private individual, but has become a public character and cannot complain that any right of privacy is trespassed upon by the mere unauthorized publication of a photograph. Corliss v Walker, 64 Fed. 280 (Mass.)

The noted and famous Vassar College was denied the right to recover for the breach of the right of privacy when its name, seal and photograph were reproduced on cheap candy boxes. In that case the syllabus holds:

"* * * depending on and inviting widespread publicity for the fullest return from the exercise of its functions as an institution of learning, had no right of privacy which it could preserve by injunction."

Vassar v Loose-Wiles Biscuit Co., 197 Fed. 982 (Mo.)

In the absence of any Ohio case on the subject, and, after a careful perusal of all other available authorities, this court is of the opinion that a few general principles might be expounded on this question:

A. The right of privacy is a new theory, unknown to ancient common law.

B. It is an incident personal and not a property right.

C. It does not exist under any theory where the person has become prominent, notorious or well known so that by his very vocation or conduct he has dedicated his life to some continued contact with the public and thereby has waived his right to privacy. There can be no privacy in that which is already public.

D. It does not exist in the dissemination of news and news events, nor in the discussion of events of the life of a person in whom the public has a rightful interest, nor where the publication would be of public benefit, as in the case of a candidate for public office.

E. It cannot be violated under any circumstances by the spoken word.

Following these conclusions, the demurrer to the first cause of action will be sustained. The petition may be amended to stand alone on the cause for alleged libel contained in the second cause of action.