PALLAS *v.* CROWLEY, MILNER & COMPANY.

1. TORTS—INVASION OF PRIVACY—PUBLIC EXHIBITION OF LIKENESS.
   Generally, a person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to the other.

2. SAME—INVASION OF PRIVACY—QUESTION OF FACT.
   Whether or not the unauthorized publication of a person's photographic likeness unreasonably and seriously interferes with the subject's right of privacy involves an issue of fact not determinable on hearing a motion to dismiss.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 41 Am. Jur., Privacy, § 21.
[1, 3, 4] Right of privacy.  138 A.L.R. 22; 168 A.L.R. 446.
[4] 41 Am. Jur., Privacy, § 22.
[6] 17 Am. Jur., Dismissal, Discontinuance and Nonsuit, § 52.

3. SAME—INVASION OF PRIVACY—UNAUTHORIZED PUBLICATION OF
   PHOTOGRAPH.
   Circumstances may give a right of privacy in a photographic
   likeness, which may give rise to an action for damages for the
   unauthorized publication thereof.

4. SAME—PUBLICATION OF PHOTOGRAPH—NEWS ITEM—ADVERTISE-
   MENT.
   There is a fundamental difference between the use of a person's
   photographic likeness in connection with or as a part of a
   legitimate news item in a newspaper and its commercial use
   in an advertisement for the pecuniary gain of the user as in
   the latter case there is no involvement of freedom of speech
   or freedom of the press.

5. SAME—PUBLICATION OF PHOTOGRAPH—QUESTIONS DETERMINABLE
   ON MOTION TO DISMISS.
   While plaintiff, whose photograph was used by defendant retail
   merchandiser in advertising certain brands of cosmetics with-
   out her authority, may base a claim for damages for such
   use, whether she has been damaged by the publication of her
   photograph or whether it carries an inference that she uses,
   or approves the use of, such brands are questions not deter-
   minable on motion to dismiss declaration.

6. PLEADING—HEARING ON MOTION—ISSUES OF FACT.
   Issues of fact raised by answer to declaration, filed in addition
   to defendant's motion to dismiss, cannot be determined on
   hearing a motion to dismiss.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted June 8, 1948. (Docket No. 9, Calendar
No. 44,025.) Decided October 4, 1948.

Case by Bernice Pallas against Crowley, Milner
& Company for damages caused by unauthorized
publication of photograph. Case dismissed. Plain-
tiff appeals. Reversed and remanded for further
proceedings.

*Donald Grant* (*Jack Newcombe,* of counsel), for
plaintiff.

*Dykema, Jones & Wheat,* for defendant.

BOYLES, J. "Does the unauthorized publication of another's photograph for the purpose of advertising or commercial gain give rise to an action for damages by the person whose photograph is thus published?"

Plaintiff filed a declaration which under the circumstances must be considered as setting up true facts, alleging as follows:

On or about April 23, 1946, plaintiff was in the employ of one Earl Carroll, a theatrical producer. The defendant was then and is now operating a retail department store in the city of Detroit. On or about said date, the said Earl Carroll employed Preston Sweet, an independent photographer, to make and produce a photograph of plaintiff; and, accordingly, said photograph was made and produced. Thereafter, the defendant, without plaintiff's knowledge or consent, procured from said Preston Sweet a copy of said photograph, or the negative thereof, and caused said photograph to be published in a daily newspaper circulating in and about Detroit, in connection with and as part of an advertisement of certain of defendant's wares, namely, cosmetics. Said advertisement was 8 by 10 inches and featured said photograph of plaintiff surrounded by printed matter describing certain brands of rouge, lipstick and make-up, by three drawings of what purported to be a bottle of make-up, a lipstick container and a rouge container, and by announcing that said articles were on sale at defendant's store.

Plaintiff, in her declaration, claimed that such publication was wholly without her knowledge or consent and without any right or authority on defendant's part, and that it constituted an invasion of plaintiff's right to be free from unauthorized and offensive publicity and portraiture of her person; that as the proximate result of such unauthorized publication plaintiff suffered loss of earnings and grievous mental and physical injury, in that she lost

her employment, was exposed to the contempt and ridicule of her friends and acquaintances, and was rendered physically ill to the extent that she required prolonged medical treatment to restore her health.

The defendant moved to dismiss the declaration on the ground that it did not state any cause of action. The circuit judge granted the motion, and from the order entered accordingly the plaintiff appeals.

The weight of authority recognized in other jurisdictions is that under many circumstances the law will consider the unauthorized publication of a photograph of a person as an invasion of such person's right of privacy and as a tort. Undoubtedly, circumstances control each decision. The following cases support the plaintiff's claim:

*Reed* v. *Real Detective Publishing Co., Inc.* (1945), 63 Ariz. 294 (162 Pac. [2d] 133) (publication of plaintiff's photograph in a crime magazine);

*Melvin* v. *Reid* (1931), 112 Cal. App. 285 (297 Pac. 91) (movie showing incidents in life of reformed prostitute);

*Cason* v. *Baskin* (1944), 155 Fla. 198 (20 South. [2d] 243, 168 A.L.R. 430);

*Pavesich* v. *New England Life Ins. Co.* (1905), 122 Ga. 190 (50 S.E. 68, 69 L.R.A. 101, 106 Am. St. Rep. 104, 2 Ann. Cas. 561) (using plaintiff's picture in advertisement. This is a leading case in which the plaintiff was an artist);

*State, ex rel. Mavity,* v. *Tyndall* (1946), 224 Ind. 364 (66 N.E. [2d] 755) (police could take plaintiff's fingerprints and picture, but could not exhibit the latter in a rogue's gallery after his acquittal);

*Foster-Milburn Co.* v. *Chinn* (1909), 134 Ky. 424 (120 S.W. 364, 34 L.R.A. [N.S.] 1137, 135 Am. St. Rep. 417);

*Itzkovitch* v. *Whitaker* (1905), 115 La. 479 (39 South. 499, 1 L.R.A. [N.S.] 1147, 112 Am. St. Rep.

272; and, also, 117 La. 708 [42 South. 228, 116 Am. St. Rep. 215]) (police photo in rogue's gallery);

*Munden* v. *Harris* (1911), 153 Mo. App. 652 (134 S.W. 1076) (picture in advertisement). The court said:

"One may have peculiarity of appearance, and if it is to be made a matter of merchandise, why should it not be for his benefit? It is a right which he may wish to exercise for his *own* profit and why may he not restrain another who is using it for gain? If there is value in it, sufficient to excite the cupidity of another, why is it not the property of him who gives it the value and from whom the value springs?"

*Barber* v. *Time, Inc.* (1942), 348 Mo. 1199 (159 S.W. [2d] 291) (magazine article and photograph regarding plaintiff's peculiar ailment of continuous eating). This case holds that where a news item is concerned, as in this case and the *Reed Case, supra,* the item must be especially offensive to warrant recovery, because of the public interest in freedom of the press, which otherwise limits the right of privacy. But where the act complained of is the use of one's photograph in an advertisement, there is no limiting factor of press freedom involved. Consequently the defense of a plaintiff's public character should not apply;

*Edison* v. *Edison Polyform & Manfg. Co.* (1907), 73 N.J. Eq. 136 (67 Atl. 392) (use of plaintiff's photograph for advertisement). The court said:

"If a man's name be his own property, as no less an authority than the United States supreme court says, it is [*sic*] (*Brown Chemical Co.* v. *Meyer,* 139 U.S. 540 [11 Sup. Ct. 625, 35 L. Ed. 247]) difficult to understand why the peculiar cast of one's features is not also one's property, and why its pecuniary value, if it has one, does not belong to its owner rather than to the person seeking to make an unauthorized use of it."

*Flake* v. *Greensboro News Co.* (1938), 212 N.C. 780 (195 S.E. 55) (use of photograph in advertisement. Plaintiff was a radio entertainer);

*Friedman* v. *Cincinnati Local Joint Executive Board of Hotel & Restaurant Employees, International Alliance & Bartenders' International League of America* (1941, common pleas court, Hamilton county), 20 Ohio Ops. 473 (6 Ohio Supp. 276) (use of movies of customers, taken by picketers);

*Clayman* v. *Bernstein* (1940, Philadelphia county), 38 Pa. D. & C. 543 (injunction against use of photograph by physician);

*Harlow* v. *Buno Co., Inc.* (1939, Philadelphia county), 36 Pa. D. & C. 101 (use of photo for advertisement. Right of privacy recognized but no damages awarded where use was unintentional);

*Hinish* v. *Meier & Frank Co., Inc.* (1941), 166 Ore. 482 (113 Pac. [2d] 438, 138 A.L.R. 1) (also a leading case).

The general rule (to which, of course, there are exceptions) is stated thus in the American Law Institute's 4 Restatement, Torts, p. 398, § 867:

"A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others *or his likeness exhibited to the public* is liable to the other."

Doubtless the question whether the unauthorized publication of a person's photographic likeness "unreasonably and seriously" interferes with such person's right of privacy involves an issue of fact which cannot be determined on hearing a motion to dismiss, as was done in the case at bar. We conclude that there are circumstances under which one may have a right of privacy in a photographic likeness, which may give rise to an action for damages for the unauthorized publication thereof. In so holding, we do not overlook *Atkinson* v. *John E. Doherty &*

*Co.,* 121 Mich. 372 (46 L.R.A. 219, 80 Am. St. Rep. 507), but decline to follow the same to the extent that it is inconsistent with the conclusion reached herein. It may also be conceded that in some States the rule seems to be different. *Cf. Martin* v. *F.I.Y. Theatre Co.,* 10 Ohio Ops. 338 (1 Ohio Supp. 19), decided by the common pleas court of Cuyahoga county, Ohio; to the contrary, *Friedman* v. *Cincinnati Local Joint Executive Board of Hotel & Restaurant Employees, International Alliance & Bartenders' International League of America, supra,* common pleas court of Hamilton county. Also, see *Roberson* v. *Rochester Folding Box Co.,* 171 N.Y. 538 (64 N.E. 442, 59 L.R.A. 478, 89 Am. St. Rep. 828), and *Wallach* v. *Bacharach,* 80 N.Y. Supp. 37, decided by the New York supreme court May 25, 1948. In New York, as in some other States, the question is governed by statute.

We recognize a fundamental difference between the use of a person's photographic likeness in connection with or as a part of a legitimate news item in a newspaper, and its commercial use in an advertisement for the pecuniary gain of the user. In the case at bar there is no involvement of freedom of speech or freedom of the press. This is an action to recover damages from a retail merchandise seller for the unauthorized use of the plaintiff's photographic likeness in a commercial advertisement.

We conclude that under the circumstances the plaintiff may base a claim for damages on the defendant's unauthorized use of her photograph to advertise certain brands of rouge, lipstick and makeup. Whether plaintiff has been damaged by the publication of her photograph, or whether it carries an inference that she uses, or approves of the use of, these brands of cosmetics, are questions which cannot be decided on the hearing and determination of a motion to dismiss.

The defendant, in filing an answer to plaintiff's declaration in addition to its motion to dismiss, claims that the plaintiff had the photograph taken by the photographer, Preston Sweet, for publicity purposes, that she had previously signed a release of such photographs for publicity purposes through Earl Carroll. Issues of fact cannot be determined on hearing a motion to dismiss.

The order dismissing the declaration is set aside and the case remanded for further proceedings, with costs of this appeal to appellant.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.