**UNITED STATES v. KRONHEIM, Judge.**

No. 796.

Municipal Court of Appeals
District of Columbia.

Submitted April 9, 1951.

Decided April 26, 1951.

George Morris Fay, U. S. Atty. and J. Warren Wilson, Joseph M. Howard and Frederick G. Smithson, Assts. U. S. Atty., all of Washington, D. C., for petitioner.

William E. Leahy and William J. Hughes, Jr., Washington, D. C., for respondent.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

HOOD, Judge.

Two informations were filed in the criminal division of the Municipal Court charging Elizabeth S. Dowell with violating the Healing Arts Practice Act by engaging in certain of the healing arts without a license.

Code 1940, § 2–101 et seq. The Act requires that one engaged in the practice of medicine, osteopathy, chiropractic, etc., shall first obtain a license therefor, and imposes a penalty of a fine of not more than $100 or imprisonment for not more than ninety days, or both, for failure so to do.[1] The accused pleaded not guilty and demanded trial by jury. The Government opposed the demand, contending that the accused was not by force of the Constitution of the United States entitled to jury trial and that it was mandatory that trial be by the court without a jury. Code 1940, § 11–616. The trial court in a written opinion ruled that the accused was entitled to jury trial.[2] Immediately following such ruling the Government filed a petition in this court asking for a writ of mandamus directing the trial court to expunge from the record its order setting the cases for trial by jury and further directing that the trial court order the cases for trial by court without a jury.

■ This court has authority to issue the extraordinary writ of mandamus in aid of its appellate jurisdiction and such authority extends to cases within its appellate jurisdiction although no appeal has been perfected. Mike's Mfg. Co. v. Zimzoris, D.C. Mun.App., 66 A.2d 414. The question here is whether the case is one in which the writ should issue.

■ "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185. Petitioner asserts that the trial court had no jurisdiction to direct that the charges be tried by jury and therefore the writ should issue. We cannot agree that the court was without jurisdiction. It had jurisdiction of the charges and of the accused and it had jurisdiction to determine whether accused was entitled to have those charges tried before a jury. An erroneous decision on that question would not constitute an unlawful exercise of authority. The trial court is required daily in a variety of cases to decide whether an accused is entitled to jury trial. The question in such cases concerns the right of the accused and not the jurisdiction of the court.

■ Petitioner further argues that, aside from any question of jurisdiction, this is a case where the statute lays on the trial court a clear and plain duty to go to trial without a jury and that the writ should issue to compel the court to perform its duty. The duty is not so plain and clear. The question of when an accused has a constitutional right to trial by jury is by no means a simple one. See District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177, and District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L. Ed. 843. The Supreme Court in those and other cases has laid down no exact test for deciding the question. The trial court in acting on the demand for jury trial was performing a judicial function and not a ministerial act.

■ A more serious question arises from the fact that the ruling of the trial court cannot be reviewed in regular course of appeal. If on trial by jury the accused is acquitted there can be no appeal by the Government. If the accused is found guilty she could not on appeal claim there was error in granting her own demand for jury trial, and the Government in defending the conviction would be in no position to assert error in the mode of trial. Under these circumstances this court in the exercise of a sound judicial discretion could issue the writ in order that the question be determined, even though the trial court was proceeding in the exercise of a lawful jurisdiction. State of Maryland v. Soper, 270

1. See Powers v. United States, 75 U.S.App. D.C. 371, 128 F.2d 300, certiorari denied, 316 U.S. 693, 62 S.Ct. 1300, 86 L.Ed. 1764; Rubin v. Douglas, D.C.Mun.App., 59 A.2d 690.

2. See United States v. Elizabeth Dowell, 79 W.L.R. 264.

282

U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449. However, the mere fact that the writ could be issued does not require that it be issued.

▇▇▇ Mandamus against a trial judge is an extraordinary remedy to be used in extraordinary and rare cases. Roberts v. United States District Court for Northern District of Cal., 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041. The situation here can hardly be called extraordinary. In the trial of criminal cases it is not unusual for courts to rule adversely to contentions of the prosecution and generally such rulings are not reviewable. The present situation is not one where the trial court abated the prosecution or refused to permit it to come to a hearing. See Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283; Ex parte Kumezo Kawato, 317 U.S. 69, 63 S.Ct. 115, 87 L.Ed. 58. The ruling of the trial court, even if erroneous, permits the Government to proceed with its case. The only burden placed on the Government by the ruling—if it can be called a burden—is to convince a jury instead of a judge of the truth of the factual issues.

In our opinion the circumstances here are not so exceptional as to call for the issuance of the writ of mandamus. Therefore we do not determine the correctness of the trial court's ruling.

Petition denied.