In the Matter of Harry T. ALEXANDER, Judge, District of Columbia Court of General Sessions, Don Morrow, Intervenor.

No. 3761 Orig.

District of Columbia Court of Appeals.

Argued May 2, 1968.

Decided July 8, 1968.

---

1. Appellant had no criminal record.

John R. Hess, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for petitioner.

Frank D. Reeves, Washington, D. C., for respondent, Harry T. Alexander, Judge, District of Columbia Court of General Sessions.

Ralph J. Temple, Washington, D. C., for intervenor.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

HOOD, Chief Judge:

Don Morrow, having been charged with disorderly conduct [1] by information filed by the Corporation Counsel of the District of Columbia, was brought for trial before Respondent, a judge of the Court of General Sessions, then sitting in the Criminal Division of that court. After the witness had been sworn but before any testimony had been received, counsel for Morrow moved to dismiss the information on the ground that the Corporation Counsel was not the proper prosecutor of the alleged offense.[2] Respondent granted the motion to dismiss. Morrow's counsel then moved that Respondent order Morrow's arrest "expunged from the Police Department's records." Respondent orally instructed the Corporation Counsel not to "disseminate the information pertinent" to Morrow's arrest. The following entry was made on the back of the information: "Corp. Counsel instructed not to disseminate record of deft's arrest on file in criminal record's office."

The government did not appeal from the order dismissing the information or attempt to appeal from the order respecting Morrow's arrest record.[3] A month later,

---

1. D.C.Code 1967, § 22–1107.

2. Subsequently in another case the United States Court of Appeals for the District of Columbia Circuit ruled that prosecutions under 22–1107 should be brought by the United States Attorney. District of Columbia v. Grimes, D.C.Cir., (decided March 28, 1968).

3. We need not decide whether the order was appealable. It was directed to the Corporation Counsel and forbade "dissemination" of the arrest record. Nothing in the record indicates that the Corporation Counsel ever engaged in or contemplated such action.

and apparently at the request of the government, the Respondent entered a formal and more detailed order which ordered that:

> The District of Columbia and all its agencies and officials, including the Commissioners of the District of Columbia and their agents, and including the Chief of Police of the Metropolitan Police Department of the District of Columbia and all his agents, and including every member of the Metropolitan Police Department of the District of Columbia and their agents are prohibited, effective September 25, 1967, the date on which this Order was first directed to such persons in the presence of their attorney, the Assistant Corporation Counsel of the District of Columbia, from distributing, communicating, transmitting, or otherwise making available or providing information regarding the record or information of the arrest on August 30, 1967, of Mr. Don Morrow, defendant in these proceedings, to any other governmental or private agency or person, including other law enforcement agencies or officials until further order of this Court.

A short time thereafter the government moved to amend the order. Morrow opposed any amendment and moved that Respondent require the government to present evidence of its compliance with the order. Respondent did not grant the government's motion, but granted Morrow's motion and ordered a subpoena issued to the police officer in charge of records requiring production of all records relating to the Metropolitan Police Department's policy and procedure of maintaining arrest record information. The government moved to quash the subpoena, and later moved to vacate the nondisclosure order on the ground that Respondent lacked jurisdiction to enter the initial order. The motion to quash was denied and the Respondent began an evidentiary hearing on January 30, 1968.

The subpoenaed police officer was interrogated by Morrow's counsel from 6:00 p. m. until 10:30 p. m., at which time the hearing was recessed until 2:00 p. m. the following day. Before the hearing was reconvened the government petitioned this court for writs of mandamus and prohibition to compel Respondent to vacate the nondisclosure order and to restrain the Respondent from further proceedings pursuant to that order. We issued a temporary restraining order pending final disposition of the government's petition. The matter has now been briefed and argued before us by counsel for the government, for the Respondent, and for Morrow whom we allowed to intervene.

■ The Respondent questions the jurisdiction of this court to issue the temporary restraining order or any permanent order in the nature of mandamus or otherwise. We are convinced that if Respondent was proceeding in excess of his lawful authority to the extent that his actions constituted a usurpation of power, we are authorized to restrain such action.[4] If the government is entitled to relief, it is not of great importance whether we grant the relief by way of the legal writ of mandamus or the equitable remedy of injunction or by a combination of both.[5]

Respondent also argues that the government's application for relief was untimely, that it should have proceeded promptly at least after issuance of the written order. The specific relief sought is not governed by the rules relating to appeals. If Respondent's order was in excess of his law-

---

4. See Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943) ; Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) ; United States v. Kronheim, D.C.Mun. App., 80 A.2d 280 (1951) ; Mike's Mfg.

Co. v. Zimzoris, D.C.Mun.App., 66 A.2d 414 (1949).

5. Cf. Stern v. South Chester Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177 (decided April 22, 1968).

ful authority and the hearing was being conducted as a means of enforcing the order, this court has jurisdiction to review his actions and award appropriate relief.

The controlling question here is whether Respondent had jurisdiction to issue his order. If he had jurisdiction, this is not the proper proceeding to determine whether such jurisdiction was properly or erroneously exercised. The question is jurisdiction or lack of jurisdiction.

■ We first consider the question of Respondent's jurisdiction of the subject matter. The filing of the information gave Respondent jurisdiction to hear and determine the charge against Morrow. When Respondent dismissed the information, that would ordinarily terminate the matter, but Morrow contends that Respondent had ancillary and incidental jurisdiction, including equitable power, to go beyond dismissal of the information and enter the order respecting the arrest record. The Court of General Sessions is a statutory court of limited jurisdiction. It has no general equitable jurisdiction. The civil division of the court has equitable powers "limited to those necessary to fully and completely exercise its jurisdiction over actions involving personal property or for debt or damages within its $10,000 jurisdictional limit,"[6] but we know of no equitable jurisdiction possessed by the criminal division of the court ancillary to its jurisdiction over criminal offenses which by statute it is empowered to hear and determine.

Morrow has cited a number of state cases[7] and one Federal Circuit Court case[8] dealing with the question of expunging arrest records, and return or destruction of photographs and fingerprints; but all these cases were independent civil actions. Morrow also relies on a Federal District Court case in Puerto Rico,[9] where the court ordered the Attorney General of the United States to destroy arrest and identification records. This case also would appear to be a civil case as the caption shows "Civ. No. 284–67," and the Attorney General and the United States Attorney were both made parties to the proceeding.

Whatever may be true of a court of general jurisdiction, we are convinced that a judge sitting in the Criminal Division of the Court of General Sessions has no ancillary jurisdiction, equitable or otherwise, after disposing of a criminal proceeding, to issue orders respecting the arrest record of a discharged defendant.[10]

■ Having concluded that Respondent lacked jurisdiction of the subject matter, the question of his jurisdiction over the parties is of secondary importance. But the question has been raised, and we feel some comments are appropriate. The oral order was directed only to the Corporation Counsel, but the written order was much broader in scope. It included the "District

---

6. Brown v. Greenwich Lounge, Incorporated, D.C.App., 225 A.2d 656 (1967).

7. State ex rel. Mavity v. Tyndall, 224 Ind. 364, 66 N.E.2d 755 (1946); Schulman v. Whitaker, 117 La. 704, 42 So. 227, 7 L.R.A.,N.S., 274 (1906); Itzkovitch v. Whitaker, 117 La. 708, 42 So. 228 (1906); Barnard v. Dunham, 191 Mich. 567, 158 N.W. 202 (1916); State ex rel. Reed v. Harris, 348 Mo. 426, 153 S.W.2d 834 (1941).

8. United States v. McLeod, 385 F.2d 734 (5th Cir. 1967). See also Herschel v. Dyra, 365 F.2d 17 (7th Cir.) cert. den. Herschel v. Wilson, 385 U.S. 973, 87 S. Ct. 513, 17 L.Ed.2d 436 (1966).

9. United States v. Kalish, 271 F.Supp. 968 (D.Puerto Rico 1967).

10. Morrow cites as examples of the trial court's ancillary power incident to its criminal jurisdiction, the court's power to order return of collateral posted by a defendant or return of property taken from a defendant. Of course the court has power to issue orders concerning property of a defendant deposited with or produced in court, and it has control of its own records. But the arrest record was not a part of the court records and was not the property of the defendant.

of Columbia and all its agencies and officials," specifically naming the Commissioners and the Chief of Police and "every member" of the Police Department. This was done apparently on the assumption that when the District of Columbia through its Corporation Counsel prosecutes an offense in the Court of General Sessions, all agencies and officials of the District are before the court and subject to its orders. This is not a valid assumption. It could hardly be seriously argued that every time the District prosecutes an offense in the Court of General Sessions, the Department of Highways and Traffic, the Alcoholic Beverage Control Board, the Fire Department, and other like agencies, and the heads or members of those agencies, are before the court and subject to its summary orders. The fact that a member of the Police Department made the arrest in this case and was ready to testify did not bring the Chief of Police and the Police Department before the court and confer on the court jurisdiction to review and modify the administrative policies of the Police Department respecting its arrest records.

We rule that Respondent lacked jurisdiction to issue the order of October 26, 1967, purporting to be effective *nunc pro tunc* as of September 25, 1967, and consequently lacked jurisdiction to proceed in aid of enforcement of that order, and that Respondent's action in respect thereto constituted a plain usurpation of power. Wherefore it is ordered:

That Respondent vacate his order dated October 26, 1967, and take no further steps to enforce said order.