In the Matter of Harry T. **ALEXANDER**, Judge, District of Columbia Court of General Sessions, Don Morrow, Intervenor.

No. 3761 Orig.

District of Columbia Court of Appeals.

Argued Sept. 17, 1969.

Decided Dec. 12, 1969.

John R. Hess, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for petitioner.

Ralph J. Temple, Washington, D. C., with whom Robert H. Kapp, Washington, D. C., was on the brief, for intervenor.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

PER CURIAM:

The facts of this case are fully set forth in our previous opinion in In re Alexander, D.C.App., 243 A.2d 901 (1968). An appeal from our decision was allowed by the United States Court of Appeals, and that court reversed and remanded to us for further proceedings. Morrow v. District of Columbia, and In the Matter of Alexander, D.C.Cir., 417 F.2d 728 (1969). All parties have been given the opportunity of filing briefs and presenting oral argument on the remand.

The holding of the United States Court of Appeals, so far as pertinent here, was "that the Court of General Sessions does have the power to issue an order regarding the arrest record in a criminal case which has been before the court." (417 F.2d at 741.) The court did not hold that the trial court's order was either "appropriate or proper in scope" but left

that determination to this court. (417 F.2d at 741.). The court, in summary, held that this court would "have before it the issues of what records can be disseminated and to whom, whether in particular types of cases physical expungement is necessary, or whether no order is required. Should the court adopt a flexible individual case approach, the record in Morrow's case seems sufficiently complete to make a determination whether the interests of law enforcement indicate that the order should be restricted to the Duncan Report rules or to some other limitations." (417 F.2d at 743.)

The Duncan Report rules above referred to, and to which we will hereafter refer, are set out in full in the appendix to the opinion of the United States Court of Appeals.

■■ It is our conclusion that the Duncan Report rules, as adopted by the District of Columbia and now in force, furnish reasonable and adequate protection to citizens against the misuse of arrest records, and no further order is required for that purpose except in rare cases presenting such unusual facts as to justify the trial court in ordering a particular arrest record completely expunged. The *Morrow* case presents no such unusual facts, and the order of the trial court should be vacated.

If on remand, Morrow contends that the District is not complying with the Duncan rules respecting his particular arrest record, and makes some showing to that effect, the hearing may recommence; but such hearing shall be limited to the question of compliance or noncompliance with the Duncan rules respecting only Morrow's arrest record.[1]

The case is remanded to the trial court with instructions to vacate its order of October 26, 1967, and to conduct no further hearing except in accordance with this opinion.

---

1. *See* concluding paragraph of the opinion of the United States Court of Appeals.