68 So.2d 314

**BIRMINGHAM BROADCASTING CO.**

v.

**BELL.**

6 Div. 429.

Supreme Court of Alabama.

Nov. 5, 1953.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Hogan & Calloway, Birmingham, and Geo. Peach Taylor, Montgomery, for appellee.

PER CURIAM.

This case comes here by appeal from a judgment rendered on verdict at law in favor of appellee. It was submitted to the jury on counts 1, 4, 5, 7 and 8. To all of them demurrer was overruled and that is the matter first to be considered.

Counsel for both sides seem to agree that count 1 is in assumpsit and that the other counts, supra, are in tort.

As to count 1, it is observed that it is not one of the common counts. It is a claim that defendant has unlawfully enriched himself at the expense of plaintiff, for which plaintiff claims a promise to pay implied by law, and it is expressed in language which manifests such a claim. That sort of claim is usually presented by one of the common counts, to which appellee seems to assent.

■ The trial court overruled appellant's demurrer to count 1 of the complaint and refused a general charge in writing requested by appellant as to that count. The sufficiency of it to state a cause of action is therefore properly presented. In discussing its sufficiency counsel for appellee (plaintiff below) assumes that since the count shows that plaintiff was a "public figure," he could not invoke an invasion of the right of privacy as the basis of such an action in tort. Upon that assumption he argues that although count 1 cannot be sustained on the theory that the right of privacy is invaded, it was properly treated as one in general assumpsit (not the common counts) based on an assumed "quasi contract," *implied by law* on account of the "unjust enrichment" of defendant at the expense of plaintiff. He assumes that such a quasi contract under Alabama decision is a "nebulous sort of thing,"—each case to be based upon its peculiar situation. But counsel cites no authority to uphold its application to the situation there set out. To apply the theory to count 1 does not give the principle a proper application. It is true, as contended, that there is a principle based on equitable consideration "that a person shall not be allowed to enrich himself unjustly at the expense of another." But that theory has certain well defined limitations manifested by court decisions and other authorities. It is available to recover of defendant money collected by him, which in equity and good conscience belongs to plaintiff, or improperly paid defendant by plaintiff under mistake or fraud, and as implied by law it may be used to sue for the amount of a judgment for plaintiff against defendant; or a debt created by statute; and other instances mentioned in 17 C.J.S., contracts, § 6, page 325.

■ Count 1 does not allege facts to justify any such right implied by law which has been sustained in practice so far as we know. See Cowan v. Martin & Huckaby, 246 Ala. 378, 20 So.2d 769. The averments

of count 1 do not show a contract implied *in fact*. Such a contract must be one which is inferred from the circumstances alleged and sufficient to that end.

■ If plaintiff has a cause of action on account of matter there set up it is in tort for a violation of his privacy. The case of Smith v. Doss, 251 Ala. 250, 37 So.2d 118, was not intended to hold that a public character has no right of privacy which could be protected by court action. But it only holds in that connection that whatever incident is a matter of public information, or legitimate public interest as to the doings of a public character, is not a matter of personal privacy which must be withheld from public mention without his consent. A public character does relinquish a part of his right of privacy. 41 Am.Jur. 938, notes 4 to 7. But such a waiver is limited to that which may be legitimately necessary and proper for public information. Pavesich v. New England Mutual Life Ins. Co., 122 Ga. 190, 50 S.E. 68, 69 L.R.A. 101; 138 A.L.R. 61.

■ The privacy of a public personage may not be lawfully invaded by the use of his name or picture for commercial purposes without his consent, not incidental to an occurrence of legitimate news value, 41 Am.Jur. 941–943, sections 22 and 23; 138 A.L.R. 78, and this applies to radio broadcasting. 41 Am.Jur. 944, section 26, 138 A.L.R. 84 and 85; Pavesich v. New England Mutual Life Ins. Co., supra. It is said in Foster-Milburn Co. v. Chinn, 134 Ky. 424, 120 S.W. 364, 366, 34 L.R.A.,N.S., 1137: "It has become a custom in the press to publish the pictures of prominent public men; but it is a very different thing for a manufacturer to use without authority such a man's picture to advertise his goods".

The lower court in charging on that count instructed the jury that under it the claim was for an unjust monetary enrichment of defendant resulting from the alleged unauthorized use of his professional name and reputation: that the essentials were (1) plaintiff's property in his name and reputation, and (2) by the unauthorized use of that name for defendant's own purposes, defendant was enriched, and (3) in equity and good conscience plaintiff should

be awarded a verdict to compensate him for such unauthorized use of his property, which is his name and reputation: that the damages are compensatory only. This is noted for the purpose of showing how the count was treated on the trial.

■■ Counsel argue, as we have said, that such a claim is in assumpsit on a promise implied in law. The only recognizable claim in respect to damages for the unauthorized use of one's name and photograph for commercial purposes is that it violates his right of privacy. That is not of a physical form, such as assault of any sort. There is no claim of physical violation. It is a new sort of claim unknown to common law, but has some resemblance to libel in its nature and form. 41 Am.Jur. 927 to 929. The authorities do not limit the recovery to what defendant may have gained, nor what plaintiff may have lost, but the recovery is as for other forms of tort. Pavesich v. New England Mutual Life Ins. Co., supra. See generally 138 A.L.R. pages 105, et seq.

This Court has not yet sustained such a claim of liability. It was impliedly upheld in Smith v. Doss, 251 Ala. 250, 37 So. 2d 118.

■ Count 1 cannot stand on any other basis. We find in such a claim no element of contract express or implied, but the breach of a duty to plaintiff which is imposed by law, and for which no measure of damage is expressly provided by law. We understand that to be a tort with damages which are compensatory for injury to one's character or reputation and also punitive upon well established principles on sufficient allegation and proof. Pavesich v. New England Mutual Life Ins. Co., supra. See, 33 Am.Jur. 189, sections 200, 201 and 202. It is similar to the "trade name" doctrine. 63 Corpus Juris 532; McVay & Son Seed Co. v. McVay Seed & Floral Co., 201 Ala. 644, 79 So. 116, or to the corporate name doctrine. Grand Lodge, K. P. of North and South America v. Grand Lodge, K. P., 174 Ala. 395, 56 So. 963; N. L. Pierce Nat. Detective Agency v. Pierce Detective Agency, 217 Ala. 594, 117 So. 191.

Count 1 is not framed so as to invoke such legal status as manifested in brief

of counsel for appellee and the charge of the court, and no such contention is here made by either party. It cannot stand on any other. The demurrer to it, as here presented and argued, should have been sustained.

■ The sufficiency of counts 4 and 5, to which demurrer was overruled, is also presented on this appeal. They are counts in deceit. Appellee's counsel seeks to sustain the ruling as to count 4 on an application of that part of the definition of fraud in section 108, Title 7, Code, which provides that misrepresentation of a material fact made by mistake and innocently, and acted on by the opposite party constitute legal fraud. Count 4 sets up as constituting actionable deceit the fact that defendant falsely stated to plaintiff that he would be hired to broadcast football games, and that he was fraudulently induced by such act of defendant not to accept available broadcasting jobs elsewhere. It is claimed in brief that such allegations bring this count squarely within the provisions of this section of the Code and that there is no necessity to allege that defendant had knowledge of the falsity of the statements.

We cannot sustain the contention of appellee that those allegations are sufficient on which to base a claim for deceit. They relate to a future event in the nature of an assurance that plaintiff would be hired to broadcast football games and do not allege an intention, then fraudulently entertained, not to make good such assurances but of deceiving and defrauding plaintiff. It is said in our cases that less than intentional deception in such circumstances gives no right of action. Montgomery Southern R. Co. v. Matthews, 77 Ala. 357, 366; Griel v. Lomax, 89 Ala. 420, 426, 6 So. 741; Bradfield v. Elyton Land Co., 93 Ala. 527, 8 So. 383; Joseph v. Decatur Land Improvement & Furnace Co., 102 Ala. 346, 14 So. 739; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Zuckerman v. Cochran, 229 Ala. 484, 158 So. 324; Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782.

It must also be remembered that plaintiff is suing defendant in this count for misrepresenting to him (plaintiff) a state of facts which, it must be assumed, was as well known to plaintiff as it was to defendant, except as to defendant's intention. On that assumption, plaintiff knew at the time of the statement to him that he had not been employed to broadcast and also knew that whether he would broadcast would depend upon a contingency which neither of them then knew would occur: that is, upon an agreement between them as to compensation then unsettled. It is consistent with the count (and the evidence shows), that they did not agree because they did not come to terms as to his compensation. So that, the only theory of fraud in representing to plaintiff that he would be employed to broadcast, is that at that time defendant had no intention of employing plaintiff to do so, although he so pretended but intended to mislead plaintiff into believing that he would be employed and plaintiff acted on such belief to his damage. No such allegations are made.

It is said in brief that count 5 is based on section 110, Title 7, Code. That count also relates to the future—that plaintiff would be employed. It does not allege that defendant had no intention of employing plaintiff at the time he made the statement. That is a necessary averment to express fraud in making a promise or· statement as to a future occurrence, as we have shown above.

In section 110, supra, it is provided that "In all cases of deceit, knowledge of a falsehood constitutes an essential element", also that "A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood". Count 5 makes no allegation of existing facts, but looks to the future as to what will occur. A mere allegation of a fraudulent intent to deceive is not enough. But there must be "circumstances tending to show an actual fraudulent intent at the time the promise or representation regarding a future event is made". Shepherd v. Kendrick, supra [236 Ala. 289, 181 So. 784]. A promise to constitute fraud must be made with intent not to perform it. Schwab v. Carter, 226 Ala. 173, 145 So. 450.

Neither section 108 nor section 110 speak of future occurrences. They both refer to "a material fact," which is then existing. As to promises (or opinions) there must have been at the time an intention not to do the act promised (an existing status) and that it was made with the intent to deceive. Here there is no allegation in either count 4 or 5 that there was no intention to do the act specified when the statement was made, that is, to employ plaintiff to announce the games. The only fact asserted which could then be false was the intention to employ plaintiff as announcer. That situation is not aided by sections 108 and 110, supra.

We are asked to hold that any deficiency in counts 4 and 5 were cured by the charge of the court which it is claimed correctly instructed the jury as to the elements of fraud attempted to be alleged in counts 4 and 5. This is on the authority of Southern Railway Co. v. Dickson, 211 Ala. 481, 100 So. 665, and Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417.

It is not easy to apply that principle, especially when the matter is complicated because the falsity here material is as to the intention of defendant, then entertained, to employ plaintiff to announce the games. The charge of the court does not make it clear that an intention not to employ plaintiff must have been entertained when it was so announced if plaintiff is to recover under either of those counts.

Appellee in brief discusses assignments of error 7 and 9 together, and states that counts 7 and 8 as amended, to which the assignments refer, are in substance the same.

Count 7 claims damages on the theory that defendant willfully and maliciously prevented plaintiff from being employed by others as a broadcaster of football games for 1951, "for that defendant who had actual knowledge of plaintiff's established name and reputation as a sportscaster willfully and with the intent to interfere with the plaintiff's right to bargain for employment with third parties in his chosen profession under his established name and reputation as a sportscaster willfully communicated false statements to third parties which said false statements were in substance that the plaintiff would be employed by defendant to call the full schedule of University of Alabama football games for 1951 when in fact, through no fault of plaintiff, the plaintiff was not employed by the defendant at any time during the year 1951 and said false communications played a material and substantial part in inducing others not to deal with the plaintiff and as a proximate consequence of defendant's aforesaid acts plaintiff was injured".

The essence of this claim is the willful communication of the false statement that plaintiff would be employed by defendant to call the full schedule of University of Alabama football games for 1951, but that without plaintiff's fault he was not so employed, and said false statement played a material and substantial part in inducing others not to deal with plaintiff. Plaintiff thereby lost profitable employment and was induced not to seek it, and his professional name was smeared. That does not and is not intended to allege the essentials of a claim for damages for wrongfully and maliciously causing a person to lose an existing relationship of employment, as recognized in Alabama. United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520; Hill Grocery Co. v. Carroll, 223 Ala. 376, 136 So. 789; Carter v. Knapp Motor Co., 243 Ala. 600, 11 So.2d 383, 144 A.L.R. 1177; Evans v. Swaim, 245 Ala. 641, 18 So.2d 400; 2 Cooley on Torts (4th Ed.) p. 184. They say that the gist of the action is malice or absence of justifiable cause.

But the claim is for being prevented from entering into such relationship. At common law there was a cause of action when one is prevented from securing employment through wrongful and malicious interference of another. Malice as used in such case means nothing more than the intentional doing of an injurious act without justification or excuse. Carnes v. St. Paul Union Stockyards Co., 164 Minn. 457, 205 N.W. 630, 206 N.W. 396; Joyce v. Great Northern Ry. Co., 100 Minn. 225,

110 N.W. 975, 8 L.R.A.,N.S., 756; De Marais v. Stricker, 152 Or. 362, 53 P.2d 715; 57 C.J.S., Master and Servant, § 624, page 427, note 75; 2 Cooley on Torts (4th Ed.) p. 179, section 225. Many cases are cited in the notes by Judge Cooley.

It will be observed that the false statement alleged is that "plaintiff would be employed by defendant to call the full schedule," etc. Malice or its equivalent is not alleged. It could not be false at the time of such statement, unless defendant had then bound itself not to do so or did not intend to do so at the time the statement was made. The count does not so allege nor that the failure to employ plaintiff was wrongful or without justification or excuse. Fidelity & Casualty Co. v. J. D. Pittman Tractor Co., 244 Ala. 354, 13 So.2d 669.

Count 8 of the complaint contains the following allegations in lieu of those referred to above:

"The defendant maliciously interfered with the professional name and calling of the plaintiff by making false representations to most of the radio stations throughout Alabama by stating in substance to them by letters that 'Gabby' Bell would announce the 1951 University of Alabama football games for the defendant's football game network. Each said letter was sent out by the defendant without the permission or prior knowledge of the plaintiff nor did the plaintiff give the defendant permission to use his said professional name to promote the defendant's business interest. The plaintiff further avers that on to wit, August 9, 1951 the defendant maliciously interfered with the professional name and calling of the plaintiff by causing to be published in the Birmingham News an article containing a picture of the plaintiff and stating in substance that the entire schedule of Alabama football games for 1951 would be broadcast over the defendant's radio station with 'Gabby' Bell announcing and the aforesaid newspaper article and picture were caused by the defendant to be published without the permission or prior knowledge of the plaintiff. And the plaintiff further avers that he did not have a contract with the defendant to announce the said football games for the defendant during the period when all of the aforementioned publications were caused by the defendant and the defendant did not employ the plaintiff to announce the said games but rather another announcer was engaged by the defendant to call the said games."

This count is subject to the same defects mentioned in reference to count 7, except as to the allegation of malice. The allegation of malice is merely to aggravate the damages claimed. It is not an element of the right of action, and adds nothing essential to such a claim. Sparks v. McCreary, 156 Ala. 382, 388, 47 So. 332, 22 L.R.A.,N.S., 1224. The grounds of demurrer numbered 76, 79, 86, 89, 97, 98, 99 and 105 are sufficient to point out the defects which we think exist in counts 7 and 8.

It results that, in our opinion, each of the counts submitted to the jury, 1, 4, 5, 7 and 8, is subject to the demurrer interposed.

The judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.