82 So.2d 345

### George A. BELL

### v.

### BIRMINGHAM BROADCASTING COMPANY, Inc.

### 6 Div. 779.

Supreme Court of Alabama.

June 16, 1955.

Rehearing Denied Sept. 22, 1955.

Lange, Simpson, Robinson & Somerville, Wm. H. Cole, Birmingham, for appellee.

Hogan & Callaway, and George Peach Taylor, Birmingham, for appellant.

SIMPSON, Justice.

Plaintiff sued the defendant for a violation of plaintiff's right of privacy. From an adverse judgment the plaintiff has brought this appeal. For prior appeal where the pertinent rules of law were discussed, see Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314.

Plaintiff, a radio announcer of some experience, had called the 1950 University of Alabama football games for defendant. Evidence of the plaintiff tended to show that after the 1950 season some conversation was had with the defendant's agent in regard to plaintiff calling the games for the 1951 season. In February of 1951 plaintiff was interviewed by defendant's agent and inquiry made as to his availability to call the games for the coming season. Plaintiff informed him that he would be in position to call the games and there seems to have been a more or less general understanding that plaintiff would be employed by the defendant to call the games. However, the salary was not agreed upon, it being thought best to wait and see if plaintiff would call the baseball games and see how large a network defendant was able to line up for the football games. During the spring and summer defendant solicited sponsors and network stations, advising them that the plaintiff was going to call the games for them. Defendant also gave a story to a daily newspaper published in Birmingham which appeared with a picture of the plaintiff stating that he would call the games for the coming season for the defendant. When the time approached for the coming football season, instead of employing the plaintiff, the defendant employed another announcer and never employed the plaintiff. It is on this basis that the plaintiff contends that his privacy was violated by using his name and picture in the instances referred to. The defendant contended that the plaintiff had waived his right of privacy.

 It was shown by the evidence that when the defendant's agent contacted the plaintiff in February, 1951, he told the plaintiff that the defendant wanted to get an early start in soliciting the sponsors and stations. During the trial the defendant was permitted to prove that it was the general custom and practice of radio stations to use the names of sports announcers in soliciting sponsors and network stations for sports events. The court in its oral charge to the jury instructed them that they could consider such custom in determining whether or not the plaintiff expressly or impliedly waived his right of privacy and consented to the use of his name and picture. To further elucidate this matter plaintiff sought to interrogate some of the witnesses as to whether or not it was the general custom and practice in the radio business to use an announcer's name in solicitation if the radio station did not have him under contract. The court sustained the defendant's objections to these questions. We entertain the view that this evidence was improperly excluded to the prejudice of the plaintiff. It had a direct bearing upon exactly what the rights and obligations of the parties were with respect to their dealings. By way of analogy we quote the following from Sampson v. Gazzam, 6 Port. 123, 30 Am.Dec. 578, and quoted with approval in Douglas & Mizell v. Ham Turpentine Co., 210 Ala. 180(2), 97 So. 650, 652: "'Where a custom or usage is proved to exist, in relation to a particular trade or pursuit, if it be general, all persons engaged therein, are presumed to contract in reference to such usage.'"

 Waiver is generally defined as the intentional relinquishment of a known right. 56 Am.Jur., §§ 2 and 15, pp. 102, 115. While it is to be conceded that intent necessary to constitute waiver may be implied from the act of the party involved, the inquiry still is what was the intent of the party as manifested by his actions. We think, therefore, that the plaintiff should have been permitted to show the extent and limit of the custom in the radio business by interrogating the witnesses as to whether or not it was the custom to use an announcer's name and picture when not under contract. For the error in sustaining the defendant's objections to this evidence, the judgment must be ordered reversed.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.