96 So.2d 263

George A. BELL

v.

BIRMINGHAM BROADCASTING CO., Inc.

6 Div. 60.

Supreme Court of Alabama.

May 9, 1957.

Rehearing Denied June 20, 1957.

Lange, Simpson, Robinson & Somerville, Wm. L. Clark and Chás. R. Robinson, Birmingham, for appellee.

Hogan & Calloway and Geo. Peach Taylor, Birmingham, for appellant.

STAKELY, Justice.

This is a suit by George A. Bell against the Birmingham Broadcasting Company, Inc. The suit seeks to recover damages for the alleged invasion of the plaintiff's right of privacy. This is the third appeal in this case. The case was reversed on the first appeal for error in overruling the defendant's demurrer to each count. Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314. Upon remandment, the plaintiff amended his complaint and trial was had upon Count IXA. Verdict and judgment was rendered for the defendant but upon appeal the cause was reversed for error in certain rulings on the evidence. Bell v. Birmingham Broadcasting Co., 263 Ala. 355, 82 So.2d 345. A third trial was had which resulted in a mistrial.

The plaintiff then amended his complaint by adding Count IXB which was rendered identical to Count IXA by the trial court granting a motion by the defendant to strike a portion of the count. The demurrers interposed to the complaint as amended and separately and severally to each count thereof were overruled. Whereupon the defendant filed pleas one, two, three, four, five, six, seven, eight and A to the complaint as amended and separately and severally to each count thereof. Demurrer to each plea, except one and two which were the general issue, was filed by the plaintiff. The court sustained the demurrers to each plea except pleas Six and A. The plaintiff then filed a replication to these two pleas. The defendant's demurrer to the replication was sustained by the court. The plaintiff subsequently took a nonsuit with leave to appeal because of the adverse rulings on the demurrer to Plea Six and Plea A and the adverse ruling on the demurrer to the replication.

Two questions are presented for decision. (1) Did the trial court err in overruling the plaintiff's demurrer to Plea Six and Plea A? (2) If not, did the trial court err in sustaining the defendant's demurrer to the plaintiff's replication?

The allegations of the complaint may be summarized in substance as follows. In 1951, the defendant, the Birmingham Broadcasting Company, negotiated and secured contracts with various radio stations throughout Alabama for the right of such stations to carry the defendant's broadcasts of the University of Alabama football games for 1951. In negotiations with these various stations, the defendant used the plaintiff's name as the one who would announce said games for the defendant. The defendant also caused to be published in a newspaper an article stating in substance that the defendant would announce all of the University of Alabama football games for the defendant and its network of stations during the 1951 season. Along with the newspaper was printed a picture of the plaintiff. The defendant also used the plaintiff's name as the one who would announce the games in selling advertising time on the broadcasts.

For the aforesaid commercial purposes, the plaintiff claims the defendant used his name and picture without his consent or permission and with full knowledge of the fact that such uses were not authorized by the plaintiff; that there existed no contract of employment between the plaintiff and the defendant for the purposes of announcing the broadcasts of the 1951 football games to be played by the University of Alabama and that there was no contract or agreement for the aforesaid uses of the plaintiff's name and picture by the defendant nor was the plaintiff subsequently employed to call the games.

The plaintiff further states: "* * * the aforesaid unauthorized uses of his name and picture for commercial purposes violated his right to privacy and as a proximate consequence thereof * * * his character and reputation were damaged and injured; he was caused much humiliation and disgrace, he suffered great loss to his

professional standing when it appeared to the members of his profession and the general public that he had been discharged when in fact he had never been employed by the defendant."

In attempting to avoid the allegations of the complaint, special pleas were filed by the defendant alleging in substance that the plaintiff agreed to be available to call or broadcast the Alabama football games for 1951 over the facilities of the defendant and thereby waived his right of privacy in respect to the use of his name and picture in publicizing the football broadcasts.

■ It appears from the pleadings that the plaintiff and the defendant had merely opened negotiations which may have or may not have ultimately resulted in a contract. The right of privacy, like other rights that rest in an individual, may be waived by him. A waiver or relinquishment of this right, or of some aspect thereof, may be implied from the conduct of the parties and surrounding circumstances. While it is to be conceded that the intent necessary to constitute waiver may be implied from the act of the party involved, the inquiry still is what was the intent of the party as manifested by his actions? Pavesich v. New England Life Ins. Co., 122 Ga. 190, 50 S.E. 68, 69 L.R.A. 101; Bell v. Birmingham Broadcasting Co., 263 Ala. 355, 82 So.2d 345. Waiver depends upon what one himself intends to do regardless of the attitude assumed by the other party. "To make out a case of implied waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose." 56 Amer. Juris., "Waiver", § 17, p. 118; Johnson v. Kaeser, 196 Cal. 686, 239 P. 324.

■ "A public character does relinquish a part of his right of privacy * * * [b] such a waiver is limited to that which may be legitimately necessary and proper for public information." Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314, 319. His privacy, however, may not be lawfully invaded by the use of his name and picture for commercial purposes without his consent, not incidental to an occurrence of legitimate news value. If the use of his name or picture is incidental to an occurrence of legitimate news value his right of privacy has not been unlawfully invaded. Birmingham Broadcasting Co. v. Bell, supra. While one who is a public figure or is presently newsworthy may be the proper subject of news or informative presentation, the privilege does not extend to commercialization of his personality through a form of treatment distinct from the dissemination of news or information. See Gautier v. Pro-Football, Inc., 304 N.Y. 354, 107 N.E.2d 485. There is "a fundamental difference between the use of a person's [name and] photographic likeness in connection with or as a part of a legitimate news item in a newspaper, and its commercial use in an advertisement [or negotiations] for the pecuniary gain of the user." Pallas v. Crowley, Milner & Co., 322 Mich. 411, 33 N.W.2d 911, 914.

Certainly, it cannot be said that the plaintiff, under the facts presented by the pleadings, manifested an intent to waive his right of privacy by merely assuring or agreeing to be available to call or broadcast the games in question over the facilities of the defendant, there being no contract of employment between the parties. At best, the facts presented by the pleas are ambiguous and equivocal.

■ The use of the plaintiff's name and picture to secure pecuniary gain for the defendant cannot be classed as incidental to an occurrence of legitimate news value. Can it be said that the purpose of the newspaper article in question was to present news to the public? We think not. The fact that a person is a public character or legitimate subject of news comment does not justify misleading publicity or misrepresentation. See Sinclair v. Postal Telegraph & Cable Co., Sup., 72 N.Y.S. 2d 841.

■ Courts frequently use the language of implied consent to deny recovery to

"public characters." The true distinction, however, is not between public and private characters, but between matters of public and private interest. See Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314. The determining factor is the content and character of the publication, not the standing of the individual. Even the most famous have a right to be protected against the unauthorized commercial appropriation of their names and photographs. The waiver concept carelessly applied to persons who are "public figures" can lead to unjust results as readily as the careless application of the right of privacy.

We, therefore, conclude for the reasons given that the defendant's Plea Six and Plea A do not allege sufficient facts to constitute a waiver of the plaintiff's right of privacy. Consequently, the plaintiff's demurrer to these pleas should have been sustained.

In view of the conclusion reached, it is not necessary to consider the trial court's ruling sustaining the defendant's demurrer to the plaintiff's replication.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.