James H. THOMPSON, Jr., Individually and d/b/a Rusty Thompson Mid Town Auto Service, Plaintiff-Appellant,

v.

ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

No. 72-2062.

United States Court of Appeals, Fifth Circuit.

March 27, 1973.

Barry Hess, Roderick P. Stout, Mobile, Ala., for plaintiff-appellant.

Lewis G. Odom, Jr., J. Knox Argo, Montgomery, Ala., Robert E. Gibney, Mobile, Ala., for defendant-appellee.

Before WISDOM, BELL and COLEMAN, Circuit Judges.

WISDOM, Circuit Judge:

In appeals to this Court, judgments dismissing a complaint for failure to state a claim on which relief could be granted have a high mortality rate. They should—under federal rules of pleading. In this case the plaintiff, James H. Thompson, Jr., appeals from the district court's decision dismissing his complaint for failure to state a claim on which relief could be granted under Alabama law. In his complaint, the plaintiff alleged facts showing that the defendant, Allstate Insurance Company, had intentionally interfered with his business for the purpose of causing injury, that the defendant acted with malice and for no legitimate economic reason, and that Thompson's business had been injured as a result. We reverse.

I.

James H. Thompson, Jr., owns and operates an automobile repair business in Mobile, Alabama, known as "Rusty Thompson Mid Town Auto Service". On April 19, 1971, Thompson filed the complaint in this case in the Circuit Court of Mobile County, Alabama, against Allstate Insurance Company, an automobile casualty and liability insurer. On Allstate's motion, the case was removed on the basis of diversity jurisdiction to the federal district court. The district court granted Allstate's motion to dismiss the plaintiff's original complaint

and later granted three successive motions to dismiss amended complaints for failure to state a claim on which relief could be granted under Alabama law. In his third amended complaint, the plaintiff alleged that Allstate, through its agents, had intentionally interfered with the plaintiff's business by informing the plaintiff's customers that Allstate would not make any estimates of repair on damaged automobiles taken to Thompson's garage and that Allstate would not honor any claims against it if Thompson performed the repair work. The plaintiff further averred that Allstate acted with malice for the purpose of injuring the plaintiff's business and for no legitimate economic reason, and that the plaintiff's business was damaged as a result. On Allstate's motion, the district court again dismissed the complaint, this time with prejudice, for failure to state a claim on which relief could be granted. The plaintiff appealed.

## II.

■■ Alabama has long recognized a cause of action in tort for intentional interference with another's business. *See* Sparks v. McCrary, 1908, 156 Ala. 382, 47 So. 332; Carter v. Knapp Motor Co., 1943, 243 Ala. 600, 11 So.2d 383; Lash v. State, 1943, 31 Ala.App. 121, 14 So.2d 235, cert. den. 244 Ala. 568, 14 So. 2d 242, cert. den. 320 U.S. 784, 64 S.Ct. 192, 88 L.Ed. 471. Allstate contends, however, that the plaintiff's complaint is deficient because it states only that Allstate did not act for "any legitimate economic reason or purpose" and thus fails to negative the possibility of a non-economic justification for its actions. In effect, Allstate argues that in order to state a claim for which relief can be granted under Alabama law, the plaintiff must affirmatively allege that the defendant's actions were unqualifiedly "without justification."

■■ Our reading of Alabama law discloses no such requirement. Instead, as we read the cases, they have consistently held that, prima facie, a cause of action for intentional interference with another's business is established by showing: (1) an intentional act of interference and (2) some consequential harm to the plaintiff's business. *See* Sparks v. McCrary, *supra*; Carter v. Knapp Motor Co., *supra*; Kelite Products v. Binzel, 5 Cir. 1955, 224 F.2d 131.[1] Justification for interference in another's business is an affirmative defense and is no part of the plaintiff's case. It "is enough to allege and prove the conduct and effect, leaving the defendant to justify if he can." American Well Works Co. v. Layne & Bowler Co., 1916, 241 U.S. 257, 259, 36 S.Ct. 585, 586, 60 L.Ed. 987 (Holmes, J.)

Cases in other jurisdictions providing a similar cause of action for intentional interference with another's business hold that the plaintiff does not have to negative justification. Mitchell v. Aldrich, 1960, 122 Vt. 19, 163 A.2d 833; Ross v. Wright, 1934, 286 Mass. 269, 190 N.E. 514, 515; Hartnett v. Plumbers' Supply Association of New England, 169 Mass. 229, 235, 47 N.E. 1002; Godin v. Niebuhr, 236 Mass. 350, 128 N.E. 406. The Restatement, which is in general harmony with Alabama law, also adopts this approach. Restatement, Torts § 766, 767. *See also* Hare and Hare, Principal Alabama Action in Tort; Part II, 22 Ala.L.Rev. 361, 410–411 (1970); W.

---

1. The plaintiff also alleges that Allstate acted with malice. Several Alabama cases indicate that malice, in the sense of "ill will", is not an essential element of the cause of action. *See* Sparks v. McCrary, *supra;* Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So. 2d 314; Kelite Products v. Binzel, *supra,* 224 F.2d 139 fn. 8. Malice may also mean "nothing more than the intentional doing of an injurious act without justification or excuse." Birmingham Broadcasting Co. v. Bell, *supra,* 68 So.2d at 322. "The allegation of malice is merely to aggravate the damages claimed. It is not an element of the right of action, and adds nothing essential to such a claim." 68 So.2d at 323.

Prosser, The Law of Torts § 130 (4th ed. 1971); F. Harper and F. James, The Law of Torts § 6.12 (1966); Forkosch, An Analysis of the "Prima Facie Tort" Cause of Action, 42 Cornell L.Q. 465 (1957); Note, 41 Cornell L.Q. 507 (1956); Comment, The Prima Facie Tort Doctrine, 52 Colum.L.Rev. 503 (1952); Note, The Prima Facie Tort Doctrine, 16 A.L.R.3d 1191; Note, 9 A. L.R.2d 228.

■ Allstate has been unable to call to our attention any case in Alabama or in any other jurisdiction holding that to state a cause of action the plaintiff must allege affirmatively that the defendant acted without justification, and an examination of Alabama cases reveals that the complaints sustained by the court against demurrers did not contain any such allegation. *See, e. g.,* Sparks v. McCrary, *supra*; Carter v. Knapp Motor Co., *supra.* We conclude, therefore, that to state a cause of action it is sufficient to allege an intentional act of interference resulting in harm to the plaintiff's business. Once the interference and resulting harm are established, the burden of going forward then shifts to the defendant who, as the alleged wrongdoer, must prove his privilege to intervene. Since the complaint in the instant case contained allegations of fact sufficient to constitute a cause of action, it was error for the district court to grant Allstate's motion to dismiss.

■ The district court's decision must also be reversed on another ground. Although in a diversity case state substantive law controls, federal law governs procedure. We have consistently held that under the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted "unless it appears to a certainty that the plaintiff would be entitled to no relief under any set of facts which could be proven in support of his claim." Des Isles v. Evans, 5 Cir. 1952, 200 F.2d 614, 615. A complaint is sufficient if it satisfies the Federal Rules, even though it would be subject to demurrer in a state court for failure to set forth facts sufficient to constitute a cause of action. Brunswick Corporation v. Vineberg, 5 Cir. 1967, 370 F.2d 605; Arthur H. Richland Co. v. Harper, 5 Cir. 1962, 302 F.2d 324; Banco Continental v. Curtiss Nat-Bank of Miami Springs, 5 Cir. 1969, 406 F.2d 510.

■ Ancestor worship in the form of ritualistic pleadings has no more disciples. The time when the slip of a sergeant's quill pen could spell death for a plaintiff's cause of action is past. Under Federal Rules of Civil Procedure, a complaint is not an anagramatic exercise in which the pleader must find just exactly the prescribed combination of words and phrases. All that the Rules require is " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests . . . ." Conley v. Gibson, 1957, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80.

■ Allstate argues that state law makes actionable only those acts of interference that are "without justification". But whatever the state substantive law, to require the plaintiff to plead an ultimate fact, such as "without justification", adds nothing to plaintiff's claim where, as here, the complaint gave fair notice of what the plaintiff's claim was. The Federal Rules were intended to abolish such exaltations of form over substance.

■ The plaintiff's inclusion in the complaint of the allegation that Allstate's actions were not "done for any legitimate economic reason or purpose" also provides no basis for dismissal. The plaintiff merely suggested one legal theory on which he could prevail. A complaint is sufficient if the plaintiff is entitled to relief under any legal theory. Nord v. McIlroy, 9 Cir. 1961, 296 F.2d 12; Wright and Miller, Federal Practice and Procedure § 1219 (1969); 2A Moore, Federal Practice ¶ 8.14 (2nd ed. 1972).

Allstate further contends that the plaintiff's complaint should be dismissed because its actions were privileged. Allstate asserts that it has an economic interest in insuring that claims against its policyholders are disposed of expeditiously and at the minimum reasonable cost and that its actions were in furtherance of that interest. *See* Zoby v. American Fidelity Co., 4 Cir. 1957, 242 F.2d 76. Without deciding the sufficiency of Allstate's alleged privilege, we note that whether Allstate had an economic interest in the subject matter and, assuming such interest, whether its conduct was actually motivated by that economic interest, are questions of fact. In his complaint, the plaintiff alleged that Allstate's actions were not motivated by any economic interest but by a desire to injure the plaintiff's business. Thus, dismissal of the complaint was improper since there was a contested issue of a material fact. *See* Zoby v. American Fidelity Co., *supra*, 242 F.2d at 80.

Finally, Allstate argues that its actions amount to no more than a unilateral refusal to deal and that the plaintiff has failed to allege an affirmative act of interference required by Alabama law. Allstate relies on Alabama Power Co. v. Thompson, 1965, 278 Ala. 367, 178 So.2d 525. This case held that liability for intentional interference with another's business cannot be predicated on a refusal or failure to carry out a promise. Despite Allstate's attempts to cloak itself in the robes of those filing claims against its policyholders, this case clearly does not involve a unilateral refusal to deal. The plaintiff alleged that Allstate induced third parties, the plaintiff's customers, not to deal with the plaintiff. This is not a case in which Allstate refused to have its own automobiles repaired at the plaintiff's garage. The requirement of an affirmative act is amply satisfied by the allegation of Allstate's threatened refusal to make estimates or honor claims against its policyholders if the automobiles remained at the plaintiff's garage or if the plaintiff performed the repair work.

We conclude, therefore, that the decision of the district court must be reversed and the case remanded for further proceedings.

Reversed and remanded.