**Douglas Mack BOONE, Plaintiff,**

v.

**W.R. KNIGHT, III, and GPK Insurance Brokers, Inc., Defendants.**

Civ. A. No. 289–134.

United States District Court,
S.D. Georgia,
Brunswick Division.

Feb. 6, 1990.

James H. Archer, Savannah, Ga., for plaintiffs.

Richard A. Brown, Jr., Brunswick, Ga., for defendants.

## ORDER

**ALAIMO, District Judge.**

Plaintiff brings the instant action alleging that the defendant brokers were negligent in acquiring an insurance policy for plaintiff from an insolvent insurer. The defendants now move to dismiss the complaint, arguing that plaintiff has failed to file an affidavit of an expert witness as required in malpractice actions by O.C.G.A. § 9–11–9.1. As more fully set out below, the Court holds that § 9–11–9.1 does not control pleadings in federal court. For this reason, the defendants' motion to dismiss must be denied.

### FACTS

Plaintiff purchased an insurance policy on his commercial fishing vessel through a brokerage agreement with the defendants. The defendants placed this policy with New England International Surety of America, Inc. (hereinafter "New England"). Subsequently, the plaintiff's vessel sank and he filed a claim with New England. New England, however, was unable to pay plaintiff's claim, since it was insolvent and had been placed in liquidation. Plaintiff then brought the instant action against the defendant brokers, alleging that they were negligent in placing his policy with the financially unsound New England.

In their motion to dismiss, the defendants argue that plaintiff's complaint is fatally defective for failure to comply with O.C.G.A. § 9–11–9.1. That statute provides as follows:

> In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

O.C.G.A. § 9–11–9.1(a). Subsection (e) of the statute provides that a complaint unaccompanied by the requisite affidavit "is

subject to dismissal for failure to state a claim...." O.C.G.A. § 9–11–9.1(e).

Plaintiff responds by arguing that § 9–11–9.1 does not apply in this instance. He urges that a suit against an insurance broker is not an "action ... alleging professional malpractice" within the meaning of the statute.

The Court need not reach this novel question of statutory interpretation. Rather, the Court decides that § 9–11–9.1 applies exclusively to actions brought in state court and is inapplicable in federal cases under the rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), and *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).[1]

### DISCUSSION

In the landmark *Erie* decision, the Supreme Court held that federal courts sitting in diversity have no constitutional authority to fashion a "federal general common law." 304 U.S. at 78, 58 S.Ct. at 822. Rather, the Constitution requires that federal courts apply the law of the states in which they reside. *Id.* The *Erie* Court made clear, however, that federal courts are bound only by *substantive*—and not *procedural*—laws of the states: "[N]o one doubts federal power over procedure." *Id.* at 92, 58 S.Ct. at 828 (Reed, J., concurring). *See also Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir.1973) ("Although in a diversity case state substantive law controls, federal law governs procedure.").

In the years following the *Erie* decision, the courts have struggled with the difficult task of distinguishing "substance" from "procedure." This distinction led some courts to depart from the Federal Rules of Civil Procedure in the event of a conflict between a Federal Rule and a state law deemed to be "substantive." *See, e.g., Ragan v. Merchants Transfer Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

In 1965, however, the Court clarified the *Erie* rule by its decision in the case of *Hanna v. Plumer, supra.* In *Hanna*, the

---

**1.** Although counsel have not raised the *Erie* issue in their briefs, the Court is obliged to consider the question *sua sponte* since it "goes to

the heart of the relations between the federal government and the states." C. Wright, *Federal Courts* 225 (2d ed. 1970).

Court reaffirmed the authority of the federal judiciary to develop rules of procedure independent of state practice. The *Hanna* decision makes clear that *Erie* does *not* require the federal courts to depart from the Federal Rules in cases where those rules conflict with state law, even if the state law is in some sense "substantive." Practice in the district courts is governed by the Federal Rules, and these rules need not yield to conflicting prescriptions of state law:

> *Erie* [has never] commanded displacement of a Federal Rule by an inconsistent state rule.... When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*Id.* 380 U.S. at 470–71, 85 S.Ct. at 1143 (footnote omitted).

The instant case falls squarely within the rule of *Hanna*. The Georgia statute at issue here is codified in the state's civil procedure code and is essentially a *pleading requirement*. In requiring that the plaintiff attach to his complaint the affidavit of an expert witness, the statute in effect mandates the pleading of evidentiary material. Pleading in the federal courts, however, is governed by the specific provisions of Fed.R.Civ.P. 8. According to Rule 8, the plaintiff in federal court need set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under this "notice pleading" standard of the Federal Rules, the pleading of evidence is disfavored and evidentiary material may be stricken from the complaint. *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1169 (5th Cir.1979), *cert. denied sub nom., Safeway Stores, Inc. v. Meat Price Investigators Ass'n*, 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980). *See also* 2A J. Moore, *Moore's Federal Practice* ¶ 8.13, at

8–68 to 8–69 (2d ed. 1989) ("The pleading of evidence should be avoided insofar as it ... violates the requirement of a 'short and plain statement' " under Rule 8.).

In requiring the plaintiff to plead evidence, § 9–11–9.1 runs directly afoul of the pleading standard set out in Federal Rule 8. The teaching of *Hanna* is that, in situations of such conflict, the Federal Rule is controlling. Therefore, the sufficiency of plaintiff's pleading must be judged solely by reference to Federal Rule 8, rather than by Georgia Code § 9–11–9.1. Since there is a specific Federal Rule governing the form of pleading in federal court, that rule controls over any contrary provisions of state law. This has been the consensus of the decisions applying *Hanna* in situations analogous to the case at bar. *See, e.g., Gates v. L.G. DeWitt, Inc.*, 528 F.2d 405, 411 (5th Cir.1976) (Georgia law requiring a plaintiff, in a direct action against an insurance company, to attach a copy of the insurance policy to his complaint is inapplicable since "[plaintiff] sued in federal court where his pleadings were controlled by Fed.R.Civ.P. 8...."); *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973) ("A complaint is sufficient if it satisfies the Federal Rules, even though it would be subject to demurrer in a state court...."); *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir.1973) (same); *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591, 603 (5th Cir.1969) (Although a federal court is bound by the substantive elements of state law, it is "not bound to follow the state law regarding the way the substantive rights must be pled or shown since such matters are governed by the Federal Rules of Civil Procedure."); *Hill v. Florida Dept. of Health and Rehab. Services*, 715 F.Supp. 346, 349 (M.D.Fla.1989) ("While the courts of Florida undoubtedly require that complainants allege 'ultimate facts,' federal courts have since 1938 utilized notice pleading.... [T]his informal procedure obtains whether the pleader seeks relief under federal or state substantive law, so long as the case is to be heard in federal court."). *See also* C. Wright, *Federal Courts* 280 (2d ed. 1970) ("The Erie doctrine has very little

application to pleading in a federal court. A complaint is sufficient if it meets the test of Rule 8(a), though it ... fail[s] to set forth the detailed facts cherished in the state system.").

CONCLUSION

As the above authorities indicate, the pleading requirements of O.C.G.A. § 9–11–9.1 are not binding on a plaintiff in federal court. Rather, the sufficiency of plaintiff's complaint must be judged solely by the standard set out in Federal Rule 8, according to which the pleading of evidence is not required. Since the defendants' motion to dismiss is premised on plaintiff's non-compliance with § 9–11–9.1, that motion must fail.

In accordance with the foregoing, the defendants' motion to dismiss is hereby DENIED.

SO ORDERED.