The plaintiffs, Sam and Joseph Schifano, appeal from a summary judgment entered in favor of the defendant, Greene County Greyhound Park, Inc. ("the Park"), on the plaintiffs' claims of invasion of privacy. We affirm.
Sam Schifano and Joseph Schifano visited the Greene County Greyhound Park several times in the early 1980's and participated in the Park's activities. During one of their visits, the plaintiffs were photographed as they sat in the "Winner's Circle," a section of the Park that can be reserved by interested groups. The Park printed the photograph on a page in an advertising brochure; the page described the Winner's Circle, the special services offered in that area, and how to reserve it. The text of the brochure did not refer to the persons in the photograph, either by name or by implication, and the photograph in which the plaintiffs were pictured was one of several photographs in the brochure illustrating various Park services and activities.
The plaintiffs learned of the use of the photograph and sued the Park for damages, alleging invasion of privacy. On December 30, 1991, the Park filed a motion for summary judgment, and it submitted its brief, exhibits, and affidavits in support of the motion on January 24, 1992. The court set a hearing date of March 2, 1992; however, on February 18, 1992, the plaintiffs' lawyer filed a motion to continue the hearing, stating that he would be unavailable on March 2. On February 26, the court reset the hearing for March 5 at 1:00 p.m. The record reflects that the plaintiffs filed affidavits in opposition *Page 180 
to summary judgment, in open court, on March 5 at 1:00 p.m.
On March 24, 1992, the trial court entered a summary judgment for the Park, holding that the plaintiffs were not entitled to pursue their invasion of privacy claims against the Park. Alternatively, the court held that the evidence supported the Park's defense that the plaintiffs had consented to the Park's taking and using the photograph, and that the plaintiffs' affidavits denying consent were untimely filed and could not be considered.
On appeal, the plaintiffs argue 1) that the trial court erred in holding that the plaintiffs were not entitled to pursue their invasion of privacy claims; and 2) that the trial court abused its discretion in refusing to consider the plaintiffs' affidavits in opposition to the Park's motion for summary judgment (the substance of which, claim the plaintiffs, created the "genuine issue of material fact" necessary to defeat the motion).
With regard to the plaintiffs' first argument, we note that the claims set out in the complaint were based on alternative theories of the tort of invasion of privacy. The plaintiffs claimed 1) that the Park, through its brochure with the photograph of the plaintiffs, portrayed the plaintiffs in a "false light," amounting to a "wrongful intrusion" into the plaintiffs' privacy; and 2) that the Park made a "commercial appropriation" of the plaintiffs' likenesses for gain to the Park.
This Court, in Phillips v. Smalley Maintenance Services,Inc., 435 So.2d 705 (Ala. 1988), adopted Restatement (Second) ofTorts, § 652B (1977), and the comment thereto, as a "clear and concise definition" of the tort of "wrongful intrusion." ThePhillips Court stated that § 652B, "when read in light of our own case law, affords meaningful guidelines for the adjudication of [wrongful intrusion] actions."
Section 652B provides that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." (Emphasis added.) Comment a to this section states that an actionable "invasion" is an "intentional interference with [a person's] interest in solitude or seclusion." Comment c states that while normally there is no liability for photographing a person in a public place, there "may still be invasion of privacy when there is intrusion upon" certain matters that a person intends not to be "exhibit[ed] to the public gaze" (e.g., "his underwear or lack of it").
Restatement (Second) of Torts, § 652E, and the comments to that section are equally meaningful with regard to the definition of, and liability for, placing a person in a false light. Section 652E states:
 "One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
 "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and
 "(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."
There is nothing in the record to support the plaintiffs' claims that the Park intruded on the plaintiffs' privacy or portrayed the plaintiffs in a false light. The plaintiffs' attending Park activities and sitting in public seating at the Park negated any claim of "solitude or seclusion" on the part of the plaintiffs or intrusion into their "affairs or concerns." Similarly, the photograph of the plaintiffs in the public seating they chose to occupy can not be interpreted as being "highly offensive" to a reasonable person.
As to the plaintiffs' claim that the Park's photograph depicted the plaintiffs in a "false light," not only do we find the photograph to be unoffensive, but we note that it simply depicts a scene of normal activity at the Park. Because the photograph does not reflect false information that would be offensive or intrusive to the plaintiffs, we hold that the Park did not act with knowledge of, or reckless disregard for, the "falsity of the publicized matter or the false light in which *Page 181 
[the plaintiffs] would be placed" by reproducing the photograph in the brochure.
The plaintiffs contend that Daily Times Democrat v. Graham,276 Ala. 380, 162 So.2d 474 (1964), in which the Court allowed recovery to a plaintiff photographed in a public place, supports their claims. In Graham, however, the Court stated that it was not the depiction of the plaintiff in a public place that allowed her to recover. Rather, it was that the photograph of the plaintiff was not only embarrassing to a person of "normal sensibilities," but also could be classified as "obscene." 276 Ala. at 383, 162 So.2d at 477. See, also,Grimsley v. Guccione, 703 F. Supp. 903 (M.D.Ala. 1988).
Similarly, there is no evidence to support the plaintiffs' claim of "commercial misappropriation" of their likenesses.Restatement (Second) of Torts, § 652C, states that liability for this wrong arises when one's name or likeness is "appropriated" by another to the other's "use or benefit." Comment d to this section states, in part:
 "No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation. It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded."
In support of their argument, the plaintiffs rely on this Court's holding for the plaintiff in Bell v. BirminghamBroadcasting Co., 266 Ala. 266, 96 So.2d 263 (1957). In Bell, however, the plaintiff was a former college football star and an experienced radio announcer whose recognizable name had been used by the defendant company in soliciting stations to carry its program and in soliciting sponsors for the program. There is no unique quality or value in the Schifanos' likenesses that would result in commercial profit to the Park simply from using a photograph that included them — unidentified and seated in a group.
The plaintiffs' second argument challenges the trial court's refusal to consider their affidavits in opposition to the motion for summary judgment. The affidavits set out the plaintiffs' contention that they had not consented to having their photograph taken and that, if they had been informed of the Park's intent to take the photograph, they would have objected.
In Bell v. Birmingham Broadcasting Co., supra, the Court addressed the issue of consent in an "invasion of privacy" context:
 "The right of privacy, like other rights that rest in an individual, may be waived by him. A waiver or relinquishment of this right . . . may be implied from the conduct of the parties and surrounding circumstances. While it is to be conceded that the intent necessary to constitute waiver may be implied from the act of the party involved, the inquiry still is what was the intent of the party as manifested by his actions? Waiver depends upon what one himself intends to do regardless of the attitude assumed by the other party. 'To make out a case of implied waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose.' 56 Amer. Juris., 'Waiver', § 17, p. 118."
 266 Ala. at 269, 96 So.2d at 265 (citations omitted.)
The Park submitted the affidavits of two Park employees who stated that before the photograph was taken the Park made an announcement indicating that the photograph would be taken; that the plaintiffs had the opportunity to object or to move; and that they did neither. These affidavits also established that the photographs were taken by a camera mounted on a tripod in full view of, and only a few feet away from, the persons being photographed. In light of the evidence of record, we affirm the trial court's judgment based on its holding that the plaintiffs, neither by objecting nor moving when those options were made available by the Park employees, consented to having their photograph taken at the Park. Even if the trial courthad admitted and considered the plaintiffs' affidavits, the plaintiffs' denial that they were told of the picture-taking would not have created a genuine issue of material fact. See Rule 56, Ala.R.Civ.P. *Page 182 
The judgment is affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.