I concur in Part III.A. and Part III.B.1. of the main opinion, but I dissent from Part III.B.2. and therefore from the judgment.
As the main opinion notes, where there is doubt as to whether a party has waived its right to arbitration, that doubt should be resolved in favor of arbitration, and there is a "heavy burden" on the party asserting waiver. Because "arbitration is a matter of contract," United Steelworkersof America v. Warrior Gulf Navigation Co.,363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), this Court applies ordinary state-law principles concerning contracts when construing the rights and defenses associated with an arbitration agreement. See AmSouth Bank v. Dees,847 So.2d 923, 933 (Ala. 2002). Washington argues — and the main opinion agrees — that Ocwen has waived its right to arbitration by pursuing the judicial process.
"Waiver is generally defined as the intentional relinquishment of a known right." Bell v. Birmingham BroadcastingCo., 263 Ala. 355, 357, 82 So.2d 345, 347 (1955). Thus, "[w]hether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process. . . ." Companion Life Ins.Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala. 1995). In Bell, we noted:
 "While it is to be conceded that intent necessary to constitute waiver may be implied from the act of the party involved, the inquiry still is what was the intent of the party as manifested by his actions."
263 Ala. at 357, 82 So.2d at 347.
"`[T]o make out a case of implied waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose.'" Bell v. Birmingham Broad.Co., 266 Ala. 266, 269, 96 So.2d 263, 265 (1957) (quoting 56 Am.Jur. Waiver § 17, p. 18). Washington's burden to show that Ocwen waived its right to arbitration is a heavy one. "`[T]here is a presumption against a court's finding that a party has waived the right to compel arbitration.'" Lee v. YES of Russellville, Inc.,784 So.2d 1022, 1028 (Ala. 2000) (quoting Eastern Dredging Constr., Inc. v. Parliament House, L.L.C.,698 So.2d 102, 103 (Ala. 1997)). A party seeking to prove a waiver of a right to arbitrate carries a heavy burden, and the courts will not lightly infer a waiver of the right to arbitration.Lee, 784 So.2d at 1028-29 (citing MutualAssurance, Inc. v. Wilson, 716 So.2d 1160 (Ala. 1998)).
Washington relies on four actions by Ocwen to demonstrate that Ocwen has waived its right to arbitrate:
 (1) the more-than-six-month delay between Washington's filing of the action and Ocwen's moving to compel arbitration;
 (2) Ocwen's removal of Washington's action to the federal court;
 (3) Ocwen's decision to answer Washington's complaint without asserting its right to arbitrate; and
 (4) Ocwen's request that Washington's action be transferred to a federal court handling pending multidistrict litigation and its corresponding request that the federal district court in Alabama stay all proceedings *Page 19 
pending the decision of the multidistrict litigation panel.
This Court has previously deemed insufficient each of the first three actions Washington relies upon to demonstrate Ocwen's intent to pursue the judicial process. First, we have previously held that a delay of more than one year is insufficient evidence of an intent to forgo the right to arbitration. See, e.g., Ex parte Merrill Lynch, Pierce,Fenner Smith, Inc., 494 So.2d 1 (Ala. 1986) (declining to find a waiver even though more than a year had elapsed between the filing of the complaint and the request for arbitration). Second, we have held that the removal of a state action to the federal court does not demonstrate an intent to waive the right to arbitrate. Men-illLynch, 494 So.2d at 4. Finally, in Thompson v.Skipper Real Estate Co., 729 So.2d 287 (Ala. 1999), we adopted the reasoning in Mutual Assurance, Inc. v.Washington, supra, that " "" "the service of an answer in an action on the contract does not constitute a waiver of the right to arbitration, even though the answer does not set up the arbitration clause as a defense."""" 729 So.2d at 291
(quoting Companion Life Ins. Co. v. Whitesell Mfg.,670 So.2d at 899, quoting in turn other authorities).
Because each of the first three activities Washington relies upon to demonstrate waiver has previously been deemed insufficient evidence of an intent to forgo arbitration,[4]
the conclusion that Ocwen has waived its right to arbitration hinges on the fourth activity, namely, Ocwen's request that Washington's action be transferred for consolidated pretrial proceedings to a federal court in Illinois where multidistrict litigation under 28 U.S.C. § 1407 was pending.
The term "pretrial proceedings," as used in28 U.S.C. § 1407, gives a transferee court jurisdiction over all proceedings that occur before trial:
 "[T]o determine the jurisdiction and power of the transferee court it is essential to define exactly what is encompassed by the words `pretrial proceedings.' Interpreted literally, the transferee court appears to have control over all proceedings prior to trial."
15 Charles Alan Wright, Arthur Miller Edward Cooper,Federal Practice and Procedure: Jurisdiction 2d § 3866 (2d ed.1986) (footnote omitted). Thus, a transferee court has the authority to rule on all pretrial motions.[5] Inre Eli Lilly Co., Prozac Prods. LiabilityLitigation, 789 F.Supp. 1448 (S.D.Ind.1992). A motion to *Page 20 
compel arbitration is a pretrial motion; any hearing conducted on a motion to compel arbitration is a pretrial proceeding. Thus, the transferee court has the power to grant a request to compel arbitration as part of its general jurisdiction to decide all pretrial matters. Although a party that intends to arbitrate a dispute is not entitled to the full panoply of pretrial proceedings, and an effort to avail itself of many of those proceedings clearly is inconsistent with an intent to arbitrate, Ocwen was entitled to certain "pretrial proceedings." Therefore, a request for multidistrict litigation is not necessarily inconsistent with an intent to arbitrate rather than to litigate. In fact, there are a number of cases in which a party has moved to compel arbitration after requesting that a case be consolidated with pending multidistrict litigation. See, e.g., In re Universal Serv.Fund Telephone Billing Practices Litig.,320 F.Supp.2d 1135 (D.Kan.2004); Ex parte Merrill Lynch, Pierce, Fenner, Smith, Inc., 494 So.2d 1 (Ala. 1986).[6] The burden is on Washington to prove that Ocwen intended to litigate, and not on Ocwen to prove the absence of such an intent.
Although a request for a transfer to a forum where multidistrict litigation is pending is not necessarily an act inconsistent with the right to arbitrate, the main opinion notes:
 "Indeed, Ocwen contended in support of its motion filed in the federal district court to stay proceedings in Alabama:
 "`[S]ince there is no reason this Court should waste its resources engaging in efforts that are more likely to be duplicated by the transferee court, a stay would promote judicial economy. A stay would also permit an orderly discovery process among all related actions thereby eliminating the possibility of duplicative discovery proceedings, and preventing the possibility of inconsistent rulings on pretrial summary judgment, class certification, and other motions. Finally, a stay would prevent Ocwen from being prejudiced by having to simultaneously litigate the same claims in different courts.'"[7] *Page 21 
939 So.2d at 17. Ocwen's argument to the federal district court clearly implies that it was Ocwen's intention to "litigate the same claims." This is evidence indicating that Ocwen intended to litigate, and it makes this case a close one; nonetheless, I cannot agree that Washington met her heavy burden of demonstrating the "clear, unequivocal, and decisive act of the party showing such a purpose [to waive its right to arbitrate]" that is necessary to establish a waiver. I, therefore, respectfully dissent from Part III.B.2. of the main opinion and from the judgment.
[4] See, e.g., Walker v. J.C. Bradford Co.,938 F.2d 575 (5th Cir.1991) (holding that J.C. Bradford 
Co. did not waive its right to arbitration even though it removed the action to the federal court, answered without asserting its right to arbitration, and first sought arbitration 13 months after the complaint was filed). Seealso Ex parte Hood, 712 So.2d 341 (Ala. 1998) ("In Exparte Merrill Lynch[, Pierce, Fenner Smith, Inc.,494 So.2d 1 (Ala. 1986)], this Court held that the defendants had not substantially invoked the litigation process and had therefore not waived the right to seek arbitration, despite the fact that the defendants had . . . filed a motion to stay proceeding to await the outcome of pending federal multidistrict class action litigation. . . .")
[5] "The statute authorizing transfer (and consolidation) of multidistrict actions, 28 U.S.C. § 1407, is a venue statute that allows the [Judicial Panel for Multidistrict Litigation] to override a plaintiff's choice of forum when three factors are present. . . ." Pinney v. Nokia,Inc., 402 F.3d 430, 452 (4th Cir.2005). As the main opinion notes, "`[m]erely moving to transfer an action to the proper venue and propounding one set of interrogatories with that motion is not such substantial involvement in the litigation process as to constitute a waiver of the right to compel arbitration. . . .'" 939 So.2d at 16 (quotingThompson v. Skipper Real Estate Co.,729 So.2d at 292).
[6] I do not suggest that these cases are analogous to the case before us; I cite them only to illustrate the point that parties do go to a multidistrict-litigation forum and subsequently seek to arbitrate. See also, e.g., In rePrudential Insurance Co. of America Sales PracticesLitigation, 924 F.Supp. 627 (D.NJ.1996), where it was argued that, even if Prudential had a right to arbitrate the defendants' claims against it, it waived that right when it moved for a transfer to a federal court hearing pending multidistrict litigation for pretrial proceedings. The federal district court denied Prudential's motion to compel arbitration without addressing the waiver argument; however, the court noted that the "parties should rest assured . . . that the Court has considered [it]." 924 F.Supp. at 634 n. 10. The United States Court of Appeals for the Third Circuit reversed the district court's denial of Prudential's motion to compel arbitration, also without specifically addressing the issue of waiver, but presumably having reject ed it. In rePrudential Ins. Co. of America Sales Practice Litig. All AgentActions, 133 F.3d 225 (3d Cir.1998). See alsoPopovich v. McDonald's Corp., 189 F.Supp.2d 772, 774
(N.D.Ill. 2002), where McDonald's moved to compel arbitration after moving for a transfer to a federal court hearing multidistrict litigation. The court did not address whether Mc-Donald's had waived the right to arbitrate by moving for a transfer; however, the court did hold that McDonald's had not waived the right to arbitrate by moving for an injunction after having moved for a transfer and before having moved to arbitrate. The court ultimately denied the motion to compel arbitration filed by McDonald's, based on its finding that arbitration in that case was cost prohibitive.189 F.Supp.2d 772.
[7] I recognize that this language appears nowhere in the briefs of the parties and is not referenced by them; however, this Court can affirm a judgment of a trial court for any reason, Taylor v. Stevenson, 820 So.2d 810, 814
(Ala. 2001), even where the ground upon which it affirms was not argued before the trial court or this Court. Ex parteCTB, Inc., 782 So.2d 188, 191 (Ala. 2000).