The First National Bank of Scottsboro posted public notice of its intention to sell certain repossessed collateral. Sale was to be "at public outcry to the highest, best and last bidder." Dona Sly attended the auction at the advertised time and location and, on behalf of himself and Bobby Jones, successfully bid on several automobiles. Mr. Sly also bid highest on a 1973 Chevrolet Monte Carlo, but the auctioneer, a bank employee, told Mr. Sly the bank might not accept the bid.
After the auction, Mr. Sly offered payment for the Monte Carlo, but was told the sale had to be approved by a bank superior. Dona Sly left the bank, and, when he returned to pick up the vehicles he purchased, the bank refused to sell the Monte Carlo.
Interrogatories answered by the defendant bank indicated the bank withdrew the Monte Carlo from the auction. In contrast, testimony at trial revealed the bank itself bid five dollars higher than Mr. Sly's bid. According to the testimony, the bank bid occurred after Mr. Sly left and the public auction was completed.
Dona Sly and Bobby Jones brought suit against the First National Bank alleging fraud and breach of contract. From a directed verdict for defendant, plaintiffs appeal.
Plaintiffs charge defendant misrepresented the bank's position by stating the bank would not participate in the auction. The *Page 200 
complaint alleges: "Dona Sly specifically asked, `Is the bank making bids?', to which defendant [auctioneer] replied, `I don't know.'"
We have ruled consistently that an actionable misrepresentation must be of present fact. See, e.g., ScholzHomes, Inc. v. Hooper, 287 Ala. 628, 254 So.2d 328 (1971),Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314
(1953), Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782 (1938). We find no evidence plaintiffs attempted to show, let alone proved, the auctioneer knew (or should have known) the bank would bid. Plaintiffs cannot recover under Code 1975, §§6-5-101, -103, or -104, because they failed to prove misrepresentation of an existing material fact.
Likewise, defendant is not liable under Code 1975, § 6-5-102, because no special relationship created on the part of the bank a duty to disclose its intent to bid. Code 1975, § 7-2-328 (4), impliedly gives a foreclosing creditor the right to bid without notice at sale of its collateral. Since no affirmative duty to disclose exists, defendant is not liable under § 6-5-102.
Plaintiffs also complain that defendant misrepresented it would sell to the "highest, best and last bidder." The phrase, however, cannot reasonably be construed to mean the defendant was obligated to sell under any circumstance. If plaintiffs relied on the notice and believed even unacceptable bids would be binding, their reliance was unreasonable.
Code 1975, § 7-2-328 (3) states that all auctions are with reserve unless goods are explicitly put up without reserve. The rule reflects the logic that an auctioneer is not the offeror; instead, it is presumed the bidder is the offeror. A seller is not normally bound by bids unsatisfactory to him — a bidder may not impose a contract on the seller. The seller may reasonably be expected to withdraw the goods or to accept or reject any bid, unless he explicitly undertakes the auction without reserve.
The foregoing also disposes of plaintiffs' claim for breach of contract. Because under § 7-2-328 (3), plaintiffs' bid was the offer, defendant was free to accept or reject plaintiffs' bid. No contract existed until defendant accepted, and at no time did the bank accept Dona Sly's bid. There is no breach of contract unless there was previously an offer and acceptance.
Finally, plaintiffs argue that defendant is estopped to deny a contract with plaintiffs because defendant's conduct of the sale was in bad faith and was prejudicial to the defaulting debtor. Certainly if defendant bank is always required to accept the last bid made, the debtor is prejudiced. Application of Code 1975, § 7-2-328 (3), however, allows the bank to withdraw the goods or place a higher bid where the last bidder's offer was inadequate, and by that procedure the debtor's interest is advanced rather than prejudiced.
Code 1975, § 7-9-504 (3), allows sale of repossessed collateral at public or private sale, and we will not restrict operation of the statute, especially at plaintiffs' instance. When Mr. Sly realized the bank would not accept his bid, he had the opportunity to make a higher offer. An unsuccessful bidder will not be heard to complain, but, instead, if the debtor is prejudiced by the conduct of the sale, he may complain.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 201