WEIDEL SAND & GRAVEL, INC. ET AL., APPELLEES, *v.* CITY OF MIDDLETOWN ET AL., APPELLANTS.

(No. CA84-05-053—Decided October 15, 1984.)

*Nancy Herr,* for appellees.
*Sheldon A. Strand,* for appellants.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County, Ohio.

On October 18, 1983, the Middletown City Commission authorized the sale of a caterpillar compactor at a public auction after advertising therefor. An advertisement was published in the Middletown Journal on October 22 and 25, 1983. The ad read in pertinent part as follows:

"Sealed bids on a 1977 Model 816 Caterpillar Landfill Compactor * * * will be received at the Office of the Director of Public Works, Room 4317, City Building, Middletown, Ohio until eleven (11) o'clock A.M., Local Time on Thursday the 27th day of October, 1983. Minimum selling price is $25,000."

Appellee, Weidel Sand and Gravel, Inc., submitted a sealed bid in the amount of $25,500 prior to eleven o'clock a.m. on October 27. A bid in the amount of $34,000 was submitted by Logan Waste Control; however, the bid was not delivered to the director of public works until after the 11:00 a.m. deadline on October 27. Subsequently, the city commission enacted Ordinance No. 083-102 in which the city rejected all bids and authorized the sale of the caterpillar at a private sale.

Weidel filed an action in the Butler County Court of Common Pleas seeking an order declaring Ordinance No. 083-102 to be invalid; an injunction to prevent the city from implementing Ordinance No. 083-102; an order of mandamus requiring the city to accept Weidel's bid and deliver the equipment; and, in the alternative, damages. The matter was tried upon stipulated facts. The trial court found that the city had a clear duty to deliver the caterpillar to Weidel upon the payment of $25,500, and permanently enjoined the city from implementing Ordinance No. 083-102. The city brings a timely appeal to this court.

The city assigns as its sole error the following:

"The court below erred in granting final judgment for the plaintiffs and ordering the City to sell the subject equipment to appellee, Weidle [*sic*] Sand and Gravel, Inc."

The issues presented for review by the city are as follows:

"1. The requirement of advertising for the sale of personal property imposed by law upon a municipality is mandatory and is a condition precedent to the power of a municipality to contract for such a sale. Any purported sale made without the required advertising is void.

"2. A contract is not formed by the submission of a bid at a public auction unless the seller has stated in explicit terms in his announcement that the auction is without reserve."

We will address the second issue first.

Pursuant to Ordinance No. 083-098, the caterpillar was to be sold at a public auction. R.C. 1302.41(C), which governs sale by auction, states as follows:

"Such a sale is with reserve unless the goods are in *explicit* terms put up without reserve. In an auction with reserve the auctioneer may withdraw the goods at any time until he announces completion of the sale. In an auction without reserve, after the auctioneer calls for bids on an article or lot, the article or lot cannot be withdrawn unless no bid is made within a reasonable time. In either case a bidder may retract his bid until the auctioneer's announcement of completion of the sale, but a bidder's retraction does not revive any previous bid." (Emphasis added.)

The city argues that since the sale was with reserve, the city could withdraw the caterpillar before a sale was completed. Weidel argues that the advertisement provision "[m]inimum selling price is $25,000" constituted explicit notice that the sale was without reserve and therefore, the city could not withdraw the caterpillar from sale. We do not agree with Weidel's position and

find that the sale was with reserve and the city could withdraw the caterpillar from sale.

If a sale is to be without reserve, it must *explicitly* state that it is to be without reserve. R.C. 1302.41(C). We cannot find any reported cases in Ohio that define the phrase "explicit terms" as used in R.C. 1302.41(C).

Webster's Ninth New Collegiate Dictionary (1983) 438, defines "explicit" as "fully revealed or expressed without vagueness, implication or ambiguity: leaving no question as to meaning or intent * * *." "Explicit" is also defined in Black's Law Dictionary (5 Ed. 1979) 519 as "[n]ot obscure or ambiguous, having no disguised meaning or reservation. Clear in understanding."

"Minimum selling price of $25,000" does not, by any interpretation, constitute explicit notice that the sale was without reserve. There clearly exists a question as to the meaning or intent of the phrase, "minimum selling price of $25,000." The phrase is not "clear in understanding."

Weidel contends that *Jenkins Towel Service, Inc.* v. *Fidelity-Philadelphia Trust Co.* (1960), 400 Pa. 98, 161 A.2d 334, is directly on point. The Pennsylvania Supreme Court in *Jenkins* held that the seller had to sell the property to the person who submitted the highest responsive bid in excess of the stated amount in a letter sent to the prospective buyer. The court held that the letter constituted an offer which was accepted by the buyer who submitted the highest responsive bid.

*Jenkins* is distinguishable from the case at bar. First, the letter in *Jenkins* specifically stated that an agreement of sale *would* be tendered to the highest acceptable bidder. Second, the sale involved real estate, not goods, and therefore, was not governed by the Uniform Commercial Code. Third, the sale was not a public auction; letters were sent to prospective buyers, some of

whom had previously been negotiating for the purchase of the property. None of these factors is present in the case at bar.

*Sly* v. *First Natl. Bank of Scottsboro* (Ala. 1980), 387 So. 2d. 198, is analogous in some respects to the case at bar. The court in *Sly* addressed auctions with and without reserve. The notice in *Sly* read that goods would be sold at a public auction to the "highest, best, and last bidder." The court stated that the rule that all auctions are with reserve unless goods are explicitly put up without reserve "* * * reflects the logic that an auctioneer is not the offeror; instead, it is presumed the bidder is the offeror. A seller is not normally bound by bids unsatisfactory to him — a bidder may not impose a contract on the seller. The seller may reasonably be expected to withdraw the goods or to accept or reject any bid, unless he explicitly undertakes the auction without reserve." Therefore, the seller could withdraw the goods from sale.

We hold that the city did not explicitly state that the auction was to be without reserve and, therefore, the city was not bound by Weidel's bid and could withdraw the caterpillar from sale. Our resolution of the second issue is dispositive of this appeal. Therefore, it is unnecessary to discuss the first issue raised by the city because even if we were to assume that the advertising was done correctly, the city still would not have to sell the caterpillar to Weidel.

The sole assignment of error is hereby sustained.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., JONES and COFFMAN, JJ., concur.

COFFMAN, J., of the Court of Common Pleas of Fayette County, sitting by assignment in the Twelfth Appellate District.