On Application for Rehearing

MONROE, Judge.
The opinion of June 18, 1999, is withdrawn and the following is substituted therefor.
Burnice Dreding appeals from a summary judgment entered in favor of Alabama Diesel, Inc., and Eugene Mullen, as president of Alabama Diesel, Inc. (hereinafter collectively referred to as “Alabama Diesel”).
In May 1997, Alabama Diesel placed in the newspaper a notice of sale of an abandoned bus. Alabama Diesel had a mechanic’s lien on the bus for over $16,000.
On May 30, 1997, Dreding, responding to this notice, went to Alabama Diesel for the auction. Dreding contends that he questioned Eugene Mullen, who was acting as the auctioneer, about whether there was a minimum bid or a reserve on the bids and that Mullen told him that there was no minimum and no reserve. Thereafter, Dreding placed a $400 bid on the bus, *1097 which was rejected. Alabama Diesel was the purchaser at the sale, for a sale price of $16,289.03. Alabama Diesel had a mechanic’s lien on the bus for over $16,000.
On August 1, 1997, Alabama Diesel filed in the Circuit Court of Mobile County a report of sale of an abandoned motor vehicle, pursuant to Ala.Code 1975, §§ 32-13-1 through -8. This report of sale stated that the bus was sold for $16,289.03, the amount of the mechanic’s lien on the bus.
On August 11, 1997, Dreding sued Alabama Diesel, alleging breach of contract and breach of implied contract and seeking specific performance of the alleged contract. In his complaint, Dreding contended that he had been the successful bidder at the auction.
Alabama Diesel answered, denying the allegations of the complaint. Thereafter, Alabama Diesel moved for a summary judgment and submitted a narrative summary, a brief in support of the motion, excerpts of Dreding’s deposition, the affidavits of Eugene Mullen, Paul Joseph Ruhe, and Theodore Richard Mullen, Jr., as well as other documents in support of its motion. In his affidavit, Eugene Mullen stated:
“14. At no time did I ever tell [Dred-ing] that the auction was ‘no minimum, no reserve.
“15. [Dreding] bid $400, and I informed him that the $400 bid was refused.
“16. [Dreding] questioned me as to how I could refuse the bid, and I told him because Alabama Diesel claimed a mechanic’s lien for over $16,000 on the bus.
“17. There being no other bids, [Alabama Diesel] bid $16,289.03 and was the purchaser at the sale. [Alabama Diesel] subsequently filed its Report of Sale with the Mobile County Circuit Court
[[Image here]]
Both Ruhe, Alabama Diesel’s service manager, and Theodore Richard Mullen, Jr., Alabama Diesel’s quality-control manager, testified to the following in their affidavits:
“I heard the bidding process and conversations between [Mullen] and [Dreding]. [Mullen] never informed [Dreding] that the auction was ‘no minimum, no reserve,’ and in fact, told him that his $400 bid was rejected and that the seller would not accept less than the amount of its lien, the approximate sum of $16,000. [Dreding] never raised his bid. On behalf of [Alabama Diesel] Mullen bid the sum of [$16,289.03] as the highest bid, which was accepted, and the bus so sold.”
(Emphasis in original.)
In its summary-judgment motion, Alabama Diesel relied upon Ala.Code 1975, § 7-2-328, and Sly v. First National Bank of Scottsboro, 387 So.2d 198 (Ala.1980). Section 7-2-328 deals with sale by auction, and subsection (3) of that section provides, in part: “Such a sale is with reserve unless the goods are in explicit terms put up without reserve.” In Sly, 387 So.2d at 200, our supreme, court stated:
“Code 1975, § 7-2-328(3) states that all auctions are with reserve unless goods are explicitly put up without reserve .... A seller is not normally bound by bids unsatisfactory to him — a bidder may not impose a contract on the seller. The seller may reasonably be expected to withdraw the goods or to accept or reject any bid, unless he explicitly undertakes the auction without reserve.
“The foregoing also disposes of plaintiffs’ claim for breach of contract. Because under § 7-2-328(3), plaintiffs’ bid was the offer, defendant was free to accept or reject plaintiffs’ bid. No contract existed until defendant accepted, and at no time did the bank accept Dona Sly’s bid. There is no breach of contract unless there was previously an offer and acceptance.”
(Emphasis added.)
Dreding filed a response in opposition to Alabama Diesel’s summary-judgment mo *1098 tion. In his affidavit, Dreding stated that on two occasions on May 30, 1997, he asked Mullen if there was a minimum bid or a reserve on the bids and that both times Mullen answered in the negative. We also note that in the excerpts from Dreding’s deposition, which were submitted into evidence by Alabama Diesel, Dreding testified that he asked Mullen twice if there was a minimum bid or a reserve on the bids and that both times Mullen answered in the negative. Dreding also testified in his deposition that Alabama Diesel did not bid during the auction and that he was never told that Alabama Diesel was going to bid the amount of its mechanic’s lien.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of material fact exists, and it is settled that all reasonable uncertainties regarding the existence of genuine issue of material fact must be resolved against the moving party. Long v. Jefferson County, 623 So.2d 1130 (Ala.1993). Once the movant makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact. Long, 623 So.2d 1130. The court must view the evidence in a light most favorable to the nonmoving party, and all reasonable doubts must be resolved against the moving party. Long, 623 So.2d 1130.
The essence of the controversy in this case is whether the auction was with reserve or without reserve. Alabama Diesel contends it was with reserve, and Dreding contends that it was without reserve. Both parties presented evidence in support of their position. In his response in opposition to Alabama Diesel’s summary-judgment motion, Dreding presented substantial evidence indicating that the auction was without reserve and that Alabama Diesel never asserted its lien in the form of a bid on the bus; thus, making Dreding the highest bidder. Consequently, the summary judgment was not proper. That judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
OPINION OF JUNE 18, 1999, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED; APPLICATION OVERRULED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.